22655. JACKSON v. THE STATE.

Argued September 16, 1964—Decided October 19, 1964— Rehearing denied November 5, 1964.

*Aycock, Ivey & Slotin, Phillip Slotin,* for plaintiff in error.
*William T. Boyd, Solicitor General, J. Walter LeCraw, Eugene Cook, Attorney General, Rubye G. Jackson, Assistant Attorney General,* contra.

ALMAND, Justice. Edward Jackson was tried and convicted of murder. On review this court affirmed the order overruling the motion for new trial. *Jackson v. State,* 219 Ga. 819 (136 SE2d 375). On July 1, 1964, Jackson tendered to the trial court his extraordinary motion for new trial. The motion was denied. Error is assigned on this order.

1. Ground 1 of the motion asserts that certain material evidence has been discovered since the trial. Attached to this ground is the affidavit of one James H. Pace (a co-indictee) who was alleged to have been an eyewitness. Though this ground is supported by the affidavits of Jackson and his counsel as required by *Code* § 70-205, the motion did not contain any sup-

porting affidavits of witnesses "as to their residence, associates, means of knowledge, character, and credibility as required by this Code section.

The court did not abuse its discretion in refusing a new trial on this ground. *Phillips v. State*, 138 Ga. 815 (2) (76 SE 352).

2. In ground 2 of his extraordinary motion for new trial the plaintiff in error asserted that: since the rendition of the verdict the United States Supreme Court has ruled that the Georgia legislature is unconstitutionally apportioned; the said composition violates the constitutional rights of all citizens of the State of Georgia including movant; a motion to submit a referendum to the people on the question of abolishing capital punishment was introduced during the 1964 legislative session; the legislature refused the resolution and denied the people the right to vote in a referendum to abolish capital punishment; the legislature would have submitted the referendum to the people had it been constitutionally composed; the people would have voted to abolish capital punishment; movant's constitutional rights have been denied because the legislature was unconstitutionally composed; movant should not be deprived of his life where there is a probability or even a possibility that the people would abolish capital punishment if the legislature were constitutionally composed, and "That the said People should not be forced to participate in killing a human being until and unless the People shall have constitutional representation in the Legislature."

This ground of the extraordinary motion for new trial is wholly without merit. Suffice it to say that the action of the Georgia legislature in refusing to allow a referendum to be submitted to the people on the question of abolishing capital punishment in no way deprives the movant of any constituttional right. The court did not err in refusing a new trial on this ground.

3. Ground 3 of the motion asserts that since the rendition of the verdict and sentence in movant's case, the co-indictees, Stone and Pace, have received sentences for life imprisonment and that movant's punishment, as a matter of law, cannot exceed the punishment of the co-conspirators; that it would be unjust and unfair for movant to receive a greater punishment than the punishment received by the persons from whom his guilt is im-

puted. This ground is without merit. Compare *Burgess v. State,* 93 Ga. 304 (20 SE 331); *Herndon v. State,* 110 Ga. 313 (35 SE 154), and *Rawlins v. State,* 126 Ga. 96 (54 SE 924).

It was not error to deny the motion.

*Judgment affirmed. All the Justices concur.*