Before BOREMAN, BRYAN and BUTZNER, Circuit Judges.

PER CURIAM:

The appellants, Charlie Graham Gregory and Paul Walter Pearce, assign the same trial error in their convictions for removing, concealing and possessing tax-unpaid distilled spirits, 26 U.S.C. §§ 5601 (a), 5205(a) (2) and 5604(a) (1): that is, the admission in evidence of the whiskey when without a search warrant it had been found and seized in an allegedly illegal search of the pickup truck occupied by the appellants on November 9, 1966 at Chesapeake, Virginia.

Aided by his discussion of the circumstances of the search and the law on the subject, we think with the District Judge that there was probable cause for the search, and that the liquor was rightly received as proof of the crime. With its receipt, there was evidence aplenty to convict and we affirm the judgments of guilt.

Affirmed.

Clinton HENDERSON, Appellant,

v.

A. L. DUTTON, Warden, Georgia State
Prison, Appellee.

No. 24741.

United States Court of Appeals
Fifth Circuit.

June 24, 1968.

Rehearing Denied July 24, 1968.

Michael J. Gannam, Savannah, Ga., for appellant.

Marion O. Gordon, Joel C. Williams, Jr., Asst. Atty. Gen., Arthur K. Bolton, Atty. Gen., Atlanta, Ga., for appellee.

Before JOHN R. BROWN, Chief Judge, and FAHY * and DYER, Circuit Judges.

JOHN R. BROWN, Chief Judge:

Appellant Henderson seeks review of an order of the District Court denying, after an evidentiary hearing, his petition for a writ of habeas corpus. Since we conclude that further evidentiary hearings are needed, we conclude also that Appellant has failed to exhaust available State remedies under the new Georgia Habeas Corpus Act of 1967.[1] Thus we affirm but without prejudice to Appellant to present his contentions to the proper State court.[2]

In January 1954 Appellant was arrested in Terrell County, Georgia, and charged with eight counts of forgery and two counts of uttering forgery. He was placed under $3,000 bail and told that he would have to wait until the

---

* Senior Circuit Judge of the D.C. Circuit, sitting by designation.

1. Act No. 562 (S.B. 171), Ga.Laws pp. 835–39, 1967 Sess., approved April 18, 1967, reproduced as an appendix to McGarrah v. Dutton, 5 Cir., 1967, 381 F.2d 161, 166.

2. See Ga.Code § 50–127(3):

"*Jurisdiction and Venue.* The petition must be filed in the Superior Court of the county wherein petitioner is being detained. * * * *"

In the course of its enactment the scheme was changed from the much more

desirable § 2255 approach of post-conviction relief in the sentencing court to the more traditional but awkward, less efficient habeas approach committing review to the Court which accidentally had geographic jurisdiction over the place of confinement. Some predict, and many hope, that by amendment Georgia will return to the § 2255 concept. Under it the Court having made the alleged errors, having access to locally available proof, and an opportunity for effective correction of fundamental error all coincide.

June term of court for a trial unless he consented to be tried before the Circuit Judge then sitting in Miller County. Appellant consented to be tried in Miller County, but he now asserts that this consent was derived in part by the State's refusal to allow him to contact any friends or relatives while he was in jail.

The factual controversy surrounding the events of Appellant's trial intensify the seriousness of his constitutional contentions. Appellant contends that he requested a jury trial and counsel to represent him but these requests were denied. The State, however, presented evidence at the hearing in the Court below which tended to show that Appellant was advised of his right to trial by jury and to be represented by counsel, but these rights were knowingly and voluntarily waived. Regardless of what the true facts are concerning the waiver of trial by jury and counsel, Appellant undeniably then pleaded guilty to the charges against him and was sentenced to five years on each count with the sentences to run consecutively (or a total of 50 years). Appellant contends that a sentence of this severity for a relatively minor offense violates the Eighth and Fourteenth Amendments' prohibitions against cruel and unusual punishment. Appellant also relies on these amendments for his contention that the excessive bond imposed upon him helped coerce his guilty plea. The Federal District Judge, after the evidentiary hearing, denied the writ.

At this late date no one can deny that if Appellant were indeed not provided counsel at trial in the face of a request and the absence of an effective waiver that this would amount to a denial of constitutional rights and require the issuance of the writ in spite of his guilty plea. See Townsend v. Dutton, 5 Cir., 1967, 377 F.2d 539, 540; Knight v. Balkcom, 5 Cir., 1966, 363 F.2d 221; Harvey v. State of Mississippi, 5 Cir.,

1965, 340 F.2d 263; cf. Miranda v. State of Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694; Gideon v. Wainwright, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; Johnson v. Zerbst, 1937, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. And since Robinson v. State of California, 1962, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758, the Constitution prohibits the States from inflicting cruel and unusual punishments,[3] although it is, of course, generally recognized that a sentence within the statutory limits is not reviewable on appeal and does not ascend to the orbit of a constitutional violation. Overstreet v. United States, 5 Cir., 1966, 367 F.2d 83; Martin v. United States, 9 Cir., 1963, 317 F.2d 753.

But the resolution of Appellant's contentions depends upon determining the facts surrounding his guilty plea and his sentencing. The question then becomes: Who is to find the facts? We recently held in Peters v. Rutledge, 5 Cir., 1968, 397 F.2d 731 that "if an evidentiary hearing is required then that hearing should be had ordinarily in those state courts where a fully effective, practicable procedure is available under state law. This is especially true in a state such as Georgia which has recently enacted its far-reaching post-conviction Habeas Corpus Act of 1967 * * *." We then held that Peters had failed to exhaust his state remedies and affirmed the denial of the writ. We feel that the procedure followed in *Peters* is also the proper one to follow in the present case.

After a development of the facts, the Georgia Courts may as a matter of Georgia law decide that Appellant was either denied the right to counsel, that his bail was excessive and had thereby a coercive effect on his guilty plea, or that the sentence imposed constituted cruel and unusual punishment.[4] Or as to one or more of these the Georgia Courts may

---

3. And undoubtedy excessive bail as well.

4. See Article I, § 1, Par. 9, Constitution State of Georgia: "Excessive bail shall

not be required nor excessive fines imposed nor cruel or unusual punishments inflicted * * *."

**378**

find a violation of some Federal Constitutional right.[5]

Finally, regardless of the Georgia disposition, when and if this case returns to the Federal Court, a factual record will hopefully have been made that is sufficient to sustain the requirements of Fay v. Noia[6] and Townsend v. Sain,[7] thus narrowing the role of the Federal Court to its independent assessment of that record.

Affirmed.

---

5. The new Georgia Act, § 50–127(1), provides that: "Any person imprisoned by virtue of a sentence imposed by a state court of record who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of the State of Georgia or the laws of the State of Georgia may institute a proceeding under this section. * * *"

6. 1963, 372 U.S. 391, 83 S.Ct. 222, 9 L.Ed. 2d 837.

7. 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770.