**Perry E. REARDEN, Appellant,**

v.

**Lamont SMITH, Warden, Georgia State Prison, Appellee.**

**No. 26183.**

United States Court of Appeals Fifth Circuit.

Nov. 14, 1968.

Perry E. Rearden, pro se.

Arthur K. Bolton, Atty. Gen., Mathew Robin, Asst. Atty. Gen., Atlanta, Ga., for appellee.

Before ALDRICH,* GODBOLD and DYER, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of a writ of habeas corpus to Perry Eugene Rearden, who is serving a life sentence for murder, in a Georgia state prison.

To exhaust his state post-conviction remedies, Rearden filed a petition for habeas corpus in the City Court of Reidsville, Georgia, which denied relief. The appellant has alleged that he was unable to appeal from this judgment, due to his indigency.

Effective July 1, 1967, several months prior to the date on which the appellant's Federal habeas petition was finally adjudicated, the State of Georgia enacted its new Habeas Corpus Act, Georgia Code § 50–127. The statute provides that the exclusive post-conviction remedy for a state convict, beyond the direct appeal, is by petition for habeas corpus filed in the state superior court of the county where the applicant is being detained. The statute also expands the scope of grounds upon which the writ can be granted. See Peters v. Rutledge, 5 Cir. 1968, 397 F.2d 731 [June 6, 1965], and cases there cited; State of Texas v. Payton, 5 Cir. 1968, 390 F.2d

* Of the First Circuit sitting by designation.

216. The appellant has not sought to avail himself of this remedy.

The judgment of the District Court is affirmed for the reason that the appellant has failed to exhaust his available state remedies.

Affirmed.