Joe Y. GAMEZ, Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.

No. 26250.

United States Court of Appeals
Fifth Circuit.

Jan. 30, 1969.

Joe Y. Gamez, pro se.

Crawford C. Martin, Atty. Gen., Robert Darden, Dunklin Sullivan, Robert C. Flowers, Asst. Attys. Gen., Nola White, First Asst. Atty. Gen., Hawthorne Phillips, Staff Legal Asst. Atty. Gen., Austin, Tex., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

This appeal is taken from the district court's denial of an application for the writ of habeas corpus. Having studied the briefs and records, we have determined that this appeal is appropriate for summary disposition without argument. Pursuant to new Rule 18 of the Rules of the United States Court of Appeals for the Fifth Circuit, the Clerk of this Court has been directed to put this case on the summary calendar and notify the parties in writing.[1]

Appellant, a Texas prisoner, was convicted of possession of narcotics and sentenced to ten years imprisonment. Having exhausted the state remedies available to him, he applied to the United

---

1. In order to establish a docket control procedure, the Fifth Circuit adopted new Rules 17–20 on December 6, 1968. All four of these new rules are reproduced in the Appendix of this opinion. For a general discussion of the need for and propriety of summary review of certain appeals, see Groendyke Transport, Inc. v. Davis, 5 Cir. 1969, 406 F.2d 1158.

States district court for the writ of habeas corpus, alleging:

1) That the trial judge left the bench before conclusion of the trial and another judge was substituted without appellant's consent;

2) That his arrest was illegal;

3) That he was not taken forthwith before a magistrate after his arrest without a warrant, as is required by Texas law.

■ Appellant's claim as to the substitution of judges presents no basis for relief. The record of the state proceedings reveals that one judge presided throughout the entire trial, heard and ruled on the defendant's motions for a new trial and pronounced sentence. Another judge did preside at the reading of the jury's verdict, and a third judge did sign a nunc pro tunc order correcting a clerical typing error in the original sentence order, but these substitutions did not violate appellant's constitutional rights and are not valid reasons to grant a writ of habeas corpus.

■ The allegation of illegal arrest lacks merit, since there was a reasonable basis appearing in the record on which to make the arrest. The arresting officers testified that, given information by a reliable informer, they had appellant under surveillance; when appellant saw the police, he discarded an object which, when recovered, proved to be narcotics. Thus, there was probable cause for arrest.

■ Although the state acted in direct contravention of Texas law in waiting an unreasonable length of time before bringing petitioner before a magistrate, there is no allegation that appellant's case was prejudiced by such misconduct. The failure to take one before a magistrate, without more, does not amount to a violation of constitutional rights which would vitiate the subsequent conviction. Scarbrough v. Dutton, 5 Cir. 1968, 393 F.2d 6.

The district judge stated in his order denying the petition for habeas corpus that the appellant's allegations are contrary to the law and the facts as set out in the state records and transcript. Having reviewed that record, we agree with the court below and its judgment is

Affirmed.

## APPENDIX

## RULES OF THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

### RULE 17
### DOCKET CONTROL

In the interest of docket control, the chief judge may from time to time, in his discretion, appoint a panel or panels to review pending cases for appropriate assignment or disposition under Rules 18, 19 or 20 or any other rule of this court.

### RULE 18
### SUMMARY CALENDAR

(a) Whenever the court, sua sponte or on suggestion of a party, concludes that a case is of such character as not to justify oral argument, the case may be placed on the summary calendar.

(b) A separate summary calendar will be maintained for those cases to be considered without oral argument. Cases will be placed on the summary calendar by the clerk, pursuant to directions from the court.

(c) Notice in writing shall be given to the parties or their counsel of the transfer of the case to the summary calendar.

### RULE 19
### MOTION TO DISMISS OR AFFIRM

Within fifteen days after the appeal has been docketed in this court, the appellee may file a motion to dismiss or a motion to affirm. Where appropriate, a motion to affirm may be united in the alternative with a motion to dismiss. The fifteen day provision may be waived by the court on proper showing of reasonable excuse for delay in filing a mo-

tion to dismiss or affirm, upon such terms and conditions as the court may prescribe, or such waiver may be granted sua sponte on the part of the court.

(a) The court will receive a motion to dismiss any appeal on the ground that the appeal is not within the jurisdiction of this court.

(b) The court will receive a motion to affirm the judgment sought to be reviewed on the ground that it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument.

The motion to dismiss or affirm shall be filed with the clerk in conformity with Rule 27 of the Federal Rules of Appellate Procedure.

The appellant shall have ten days from the date of receipt of the motion to dismiss or affirm within which to file a response opposing the motion. Such response may be typewritten and four copies, with proof of service, shall be filed with the clerk. Upon the filing of such response, or the expiration of the time allowed therefor, or express waiver of the right to file, the record on appeal, motion and response shall be distributed by the clerk to the court for its consideration.

After consideration of the papers distributed pursuant to the foregoing paragraph the court will enter an appropriate order.

The time for filing briefs pursuant to Rule 31 of the Federal Rules of Appellate Procedure shall not be tolled or extended by the filing of a motion to dismiss or affirm.

### RULE 20

### FRIVOLOUS AND UNMERITORIOUS APPEALS

If upon the hearing of any interlocutory motion or as a result of a review under Rule 17, it shall appear to the court that the appeal is frivolous and entirely without merit, the appeal will be dismissed without the notice contemplated in Rules 18 and 19.