James (Jimmy) **FOX**, Appellant,

v.

**A. L. DUTTON**, Warden, Georgia State
Prison, Reidsville, Georgia, et al.,
Appellees.

No. 26060.

United States Court of Appeals
Fifth Circuit.

Dec. 12, 1968.

Rehearing Denied Feb. 14, 1969.

Paul F. Carden, Smyrna, Ga., Philip M.
Carden, Nashville, Tenn., for appellant.

Arthur K. Bolton, Atty. Gen.,
Mathew Robins, Marion O. Gordon, Asst.
Attys. Gen., Atlanta, Ga., for appellees.

Before DYER and SIMPSON, Circuit
Judges, and CABOT, District Judge.

PER CURIAM:

■ The record shows that the appellant has not exhausted his state remedies under the new Habeas Corpus Act, Georgia Code § 50–127,[1] in accordance with the provisions of 28 U.S.C. § 2254. Therefore the judgment of the District Court is affirmed. Peters v. Rutledge, 5 Cir. 1968, 397 F.2d 731; Henderson v. Dutton, 5 Cir. 1968, 397 F.2d 375; Rearden v. Smith, 5 Cir. 1968, 403 F.2d 773 [November 14, 1968].

■ Fox was released on parole after he filed his federal habeas petition. A state prisoner on parole is still "in custody" so as to qualify for federal habeas relief. Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285.

■ It may be argued that a Georgia parolee is not "in custody" and thus the new remedy is not available to him, since Georgia Code § 50–127(1) refers to any "person imprisoned". Elsewhere, the section, and the title of the Act, mentioned as applicants, "persons whose liberty is being restrained by virtue of a sentence", which clearly seems to include parolees. Section 50–127 contemplates custodians other than the Board of Corrections, which could include the State Parole Board. Finally, the Act's statement of legislative intent and purpose includes intent to accord Georgia convicted persons an adequate state remedy. That purpose would be subverted if a state parolee were denied the right to proceed under the new Act. If, nevertheless, this occurs, Fox can immediately file in federal court under the rule of Jones v. Cunningham, supra.

Affirmed.

---

1. This remedy was not available when the original habeas petition was filed January 25, 1967. The effective date of the Act was July 1, 1967, so that the remedy was available long before the District Court denied the petition.

124

On Petition For Rehearing

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.