**Warren M. PUGH, Plaintiff-Appellee,**

v.

**SOUTHERN RAILWAY COMPANY,**
**Defendant-Appellant.**

No. 26692.

United States Court of Appeals
Fifth Circuit.

Feb. 19, 1969.

Albert W. Stubbs, Columbus, Ga. (Charles J. Bloch, Macon, Ga., Hatcher, Stubbs, Land & Rothschild, Columbus, Ga., Sanders, Mottola & Haugen, Newnan, Ga., on the brief), for Southern Railway Company, defendant-appellant.

Clifford Seay, Griffin, Ga. (Bolton & Seay, Christopher & Futral, Griffin, Ga., on the brief), for Warren Pugh, plaintiff-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

Pugh, a motorist travelling alone, was injured at a railroad crossing of the Southern Railway Company on East McIntosh Road, near Griffin, Georgia. He filed suit in state court for $45,000. On diversity of citizenship and jurisdictional amount the case was removed to the District Court for the Northern District of Georgia. A jury, in the first verdict returned in the new courthouse in Newnan, awarded Duke $6,000 for personal injuries and $759.65 for hospital bills, doctor bills, and the loss of a 1955 Plymouth automobile. A motion for a new trial was denied and this appeal followed. We affirm.[1]

Duke alleged that after dark, on a heavily travelled road, at a crossing with which he was not familiar, a blind or unusually dangerous crossing, when within about fifty feet of the tracks he suddenly saw an approaching freight train, was unable to stop, was struck and injured. In addition to all the other allegations of negligence customarily encountered in cases involving railroad crossings of an unusually dangerous character it was specifically charged that there was no railroad warning sign at the approach to the tracks.

The railroad contended that while Pugh might have struck the train it certainly did not strike him, that Pugh was under the influence of intoxicants at the time, and was guilty of contributory negligence in failing to stop at least fifty feet from the crossing.

Thus, this was another of the run of the mill railroad crossing accidents so often encountered since automobiles came into use and railroad tracks have to be crossed.

The defendant-appellant asserts three grounds for reversal: (1) the admission of hearsay statements in doctors' reports and a hospital report, (2) errors in instructions to the jury, and (3) the refusal of certain requested instructions.

■ The record reveals that the jury was instructed at length and in depth. In fact, the instructions consume over eighteen pages of the printed record. The jury returned its verdict after deliberating for a little less than an hour. Considering the instructions in their entirety, we believe the jury was exhaustively informed of the issues and the applicable law—that there is no reasonable probability that the jury was in any manner mislead as to either the law or the issues it was expected to decide. There is no substantial basis for fear that the railroad could have been prejudiced either by what the instructions said or failed to say.

■ The same must be said as to the "hearsay" testimony contained in the depositions of the doctors or in the hospital reports. Some of it, such as the hospital records, was not objected to at the trial. Some of it was elicited by the railroad when it took depositions in its own behalf for use in the state court prior to

---

1. Having studied the briefs and records, we have determined that this appeal is appropriate for summary disposition without argument. Pursuant to new Rule 18 of the Rules of the United States Court of Appeals for the Fifth Circuit, the Clerk of this Court has been directed to put this case on the summary calendar and notify the parties in writing. See for example, Joe Y. Gamez v. Dr. George J. Beto, January 30, 1969, 406 F.2d 1000.

**384**

removal. Almost all of it was cumulative, merely repeating what had already been shown from other sources. Without exercising extreme technical nicety to decide whether any of this proof actually violated the hearsay rule we are left with no apprehension that it influenced the verdict or prejudiced the defense.

The factual conflicts between the litigants were irreconcilable. This was a typical jury case. It is obvious that the railroad received a scrupulously fair trial. The record abounds with proof upon which a jury could find the railroad liable for the accident. Yet, it reduced a $45,000 claim to less than $7,000. There is no occasion to reverse.

Affirmed.