William B. DONLAVEY, Petitioner-Appellant,

v.

S. Lamont SMITH, Warden, Georgia State Prison, Reidsville, Georgia, Respondent-Appellee.

No. 28146.

United States Court of Appeals, Fifth Circuit.

April 30, 1970.

As Amended May 15, 1970.

Rehearing Denied June 10, 1970.

William B. Donlavey, pro se, Frank B. Strickland, Atlanta, Ga. (Court-appointed), for petitioner-appellant.

Arthur K. Bolton, Atty. Gen. of Georgia, Courtney Wilder Stanton, Marion O. Gordon, Asst. Attys. Gen., Atlanta, Ga., for respondent-appellee.

Before SIMPSON, MORGAN and INGRAHAM, Circuit Judges.

PER CURIAM:

Petitioner, a state prisoner, was arrested for burglary of a grocery store, tried by a jury and convicted. He contends on this petition for habeas corpus: (1) that he was deprived of a fair trial because poor people were systematically excluded from the jury list, (2) that he was denied his right to counsel at the preliminary hearing, and (3) that his arrest was void *ab initio* because he was held incommunicado for 68 hours before being arraigned.

The jury which convicted the petitioner was "selected from the books of the tax receiver" pursuant to Georgia Code, Section 59–106. The petitioner here is white, and no question of racial exclusion has been raised by him. The question is whether such selection from the tax digests amounts to a systematic exclusion of poor people from the jury rolls. Georgia law requires that all persons must make returns on their taxable property. Taxable property means " * * all real *and personal* property * * * ". Ga.Code Ann. 92–101 (1961 Rev.). Personal property as used here includes automobiles, furniture, livestock, tools, etc. Ga.Code Ann. 92–6215 (1961 Rev.). Therefore, all persons who own any kind of property should, if they make a return in compliance with Georgia law, appear on the tax list. Ga.Code Ann. 92–6305 (1961 Rev.). Since the evidence shows that petitioner owned an automobile, he would be in that same class of persons who appear on the tax list who also own their automobiles. The only class that is excluded under such a system is that group of persons who fail to make a return in violation of state law. Since it is presumed that people will obey the law, it is unnecessary to hold an evidentiary hearing to determine how many people did not make tax returns on their property. See also Roach v. Mauldin, D. C., 277 F.Supp. 54, aff'd in 391 F.2d 907 (5 Cir. 1968) which held that the Georgia tax digest is a reasonable source for jury lists.

As to petitioner's contention that he was denied right to counsel at the preliminary hearing, the record shows that the state courts have not dealt with this issue. Having failed to exhaust state post-conviction remedies, petitioner is precluded from using this federal forum to decide this question. 28 U.S.C.A. § 2254; Fox v. Dutton, 5 Cir., 1968, 406 F.2d 123. Even if the issue had been exhausted in state courts, the District Court below (which only assumed that petitioner had raised it in the state court) would be affirmed in its finding that the Georgia courts have not considered the preliminary hearing a critical stage at which counsel is required. Kerr v. Dutton, 5 Cir., 1968, 393 F.2d 79; Smith v. Fuller, 223 Ga. 673, 157 S.E.2d 447 (1967); Blake v. State, 109 Ga.App. 636, 137 S.E.2d 49 (1964), cert. den. 379 U.S. 924, 85 S.Ct. 281, 13 L.Ed.2d 337.

Finally, petitioner's arrest is not voided because of the delay in bringing him before a committing magistrate. Delay beyond the 48-hour deadline set out in Georgia Code, Section 27–212 does not require that the prisoner be released after he has been indicted or after he has been convicted, as petitioner was here. Blake v. State, supra; Peters v. State, 115 Ga.App. 743, 156 S.E.2d 195 (1967).

The judgment of the District Court is affirmed.