**Harrell KING, Petitioner-Appellant,**

**v.**

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 29297**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

July 22, 1970.

Harrell King, pro se.

Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Roland Daniel Green, III, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

■ We have directed the Clerk to place this case on the Summary Calendar in accordance with Fifth Circuit Rule 18.

Harrell King appeals from an order of the district court denying his petition for a writ of habeas corpus. We affirm.

April 10, 1951, the petitioner-appellant was convicted and sentenced to death by a jury for murder with malice. The Texas Court of Criminal Appeals affirmed that conviction. King v. State, 1951, 156 Tex.Cr.R. 508, 243 S.W.2d 846. March 1952 the death sentence was commuted to life imprisonment.

The petitioner-appellant sought habeas corpus relief in the state trial court where he alleged as grounds for relief, (1) that he was denied the assistance of counsel during interrogation; (2) that his signed confession was coerced in that he was ill and was told he would receive assistance only after signing a confession; and (3) that his court-appointed counsel was ineffective due to his lack of experience. The court denied relief after holding a full evidentiary hearing. King was represented by court-appointed counsel at that hearing. The court found that the petitioner-appellant did not request an attorney during his interrogation; that he was not ill when he made his confession; that the confession was freely and voluntarily made; and that court-appointed counsel was not ineffective. The decision was affirmed by the Texas Court of Criminal Appeals.

■ King then filed his petition for a writ of habeas corpus in the federal district court. He alleged as an additional ground for relief that he was not brought before a magistrate after his arrest. The district court, without holding an evidentiary hearing, denied relief. The court found that the state court had afforded King a full and fair hearing and that there was no clear error in the state court's findings of fact.

We have carefully reviewed the record, which includes a copy of the transcript of the evidentiary hearing which was held in the state trial court and the transcript of King's original trial and agree with the findings of the district court. The requirement of 28 U.S.C. § 2254(d) was fully satisfied. See Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 749, 9 L.Ed.2d 770; Chisholm v. Wainwright, 5 Cir. 1970, 427 F. 2d 1138 [1970].

The testimony offered at the evidentiary hearing in the state court included that of the former assistant district attorney and a policeman, both of whom

were present when King made his confession. They testified that King was advised of his right to remain silent and that anything he said could be used against him. They also testified that no threats or promises were made to induce a confession; that the petitioner-appellant did not appear to be ill or intoxicated nor did he state that he was ill. Both testified that King at no time requested counsel. The record is devoid of any evidence that the court-appointed counsel was ineffective so as to reduce the trial to a farce, a mockery of justice, or a sham. Foster v. Beto, 5 Cir. 1969, 412 F.2d 892; Williams v. Beto, 5 Cir. 1965, 354 F.2d 698. There is no error in the findings of the state court as adopted by the district court.

The contention that the conviction should be voided because the petitioner-appellant was not brought before a magistrate following his arrest is without merit. Donlavey v. Smith, 5 Cir. 1970, 426 F.2d 800 [1970]; Gamez v. Beto, 5 Cir. 1969, 406 F.2d 1000, Scarbrough v. Dutton, 5 Cir. 1968, 393 F.2d 6.

The judgment of the district court is affirmed.