Edward N. JACKSON, Petitioner-Appellant,

v.

S. Lamont SMITH, Warden, Ga. State Prison, Reidsville, Ga., Respondent-Appellee.

No. 30407

Summary Calendar.\*

United States Court of Appeals, Fifth Circuit.

Dec. 24, 1970.

Rehearing Denied Feb. 3, 1971.

\* ▪ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Edward N. Jackson, pro se.

Arthur K. Bolton, Atty. Gen., William R. Childers, Jr., Asst. Atty. Gen., Atlanta, Ga., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Jackson, a Georgia state prisoner, appeals from the District Court's denial of his petition for habeas corpus relief. He contends that he was denied the assistance of competent counsel; that he was the victim of an illegal arrest, search, and seizure; that he was illegally detained and interrogated, and denied a preliminary hearing and bail; and that he was indicted and convicted by illegally selected grand and petit juries.

After a jury trial, Jackson, who was represented by court-appointed counsel, was convicted of murder. The death penalty initially imposed was later commuted to life imprisonment. The conviction was affirmed on direct appeal. Jackson v. State, 1964, 219 Ga. 819, 136 S.E.2d 375. The trial court denied a motion for a new trial; this denial was affirmed. Jackson v. State, 1964, 220 Ga. 375, 138 S.E.2d 880.

Jackson then filed his first petition for habeas corpus relief in the trial court. After an evidentiary hearing, the court denied relief, making findings of fact and conclusions of law. On appeal this decision was affirmed. Jackson v. Dutton, 1967, 223 Ga. 642, 157 S.E.2d 286. A habeas petition filed in the United States District Court was dismissed because of failure to exhaust state remedies. Jackson filed his second petition in the state trial court. That court held a second evidentiary hearing and again denied relief. Jackson did not appeal. Instead, he reapplied to the federal court, which made independent findings of fact and denied relief without holding an evidentiary hearing. In addition to finding that Jackson received a full and fair hearing in the state court, the District Court found from the trial transcript and record that Jackson's trial counsel was a veteran, experienced criminal trial lawyer who conducted a vigorous and professional defense. Indeed, the record is devoid of any evidence that counsel was so ineffective that the trial became a farce. King v. Beto, 5 Cir. 1970, 429 F.2d 485; Foster v. Beto, 5 Cir. 1969, 412 F.2d 892.

■ The District Court also found that the prosecution introduced no fruits of the arrest or search at Jackson's trial. Consequently they could not have affected its outcome. Furthermore, no confession or statement was taken from Jackson during his pre-trial confinement. A review of the record, which includes transcripts of Jackson's trial and both evidentiary hearings, reveals no clear error in these findings. Jackson's assertion of illegal arrest, search, and seizure is not grounds for federal habeas corpus relief, he has not shown that the prosecution thereby obtained a confession or evidence which was used against him at the trial. Davis v. United States, 5 Cir. 1970, 424 F.2d 1061; Abraham v. Wainwright, 5 Cir. 1969, 407 F.2d 826.

■■ Failure to deliver Jackson to a committing magistrate following his arrest, without more, is not grounds for voiding the conviction. King v. Beto, 5 Cir. 1970, 429 F.2d 892; see Gamez v. Beto, 5 Cir. 1969, 406 F.2d 1000; Donlavey v. Smith, 5 Cir. 1970, 426 F.2d 800. Further, an incarcerated state defendant has a statutory but not a constitutional right to a preliminary commitment hearing in Georgia. Scarbrough v. Dutton, 5 Cir. 1968, 393 F.2d 6.

■ Finally, the record reveals that Jackson, at the state hearing, withdrew his challenge to the composition of the grand and petit juries. Therefore, the District Court correctly dismissed the issue because of failure to exhaust state remedies. 28 U.S.C.A. § 2254; Donlavey v. Smith, supra; see Peters v. Rutledge, 5 Cir. 1968, 397 F.2d 731, 735; Berry v. Beto, 5 Cir. 1969, 410 F.2d 503.

Perceiving no clear error in the District Court's findings and no error in its application of the law, the judgment below is

Affirmed.