**Fred Johann TONJES, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 12–81–0215–CR.**

Court of Appeals of Texas, Tyler.

Jan. 21, 1982.

Clifton Holmes, Kilgore, for appellant.

Robert Foster, Longview, for appellee.

PER CURIAM.

This is an appeal from the denial of bail.

Appellant, Fred Johann Tonjes (Tonjes), was charged on December 9, 1981, under the Texas Controlled Substances Act, Article 4476–15, Tex.Rev.Civ.Stat.Ann. (Vernon 1981), for illegal investment in and aggravated possession of over two hundred (200) pounds and less than two thousand (2,000) pounds of marihuana.[1] Bond was originally set at $1,000,000 by a justice of the peace. Tonjes sought reduction of this amount in the district court.

The State, on December 15, 1981, at the bond reduction hearing, moved to deny Tonjes bond on the illegal investment charge. The motion to deny bail was based upon proof of Tonjes' two prior felony convictions. Tex.Const. Article I, Section 11a. The district court entered an order on December 21, 1981, denying bond on *both* offenses.

Tonjes appealed to this court complaining of the district court's refusal to reduce his $1,000,000 bond. However, the district court order denying bond to Tonjes encompassed the illegal investment *and* aggravated possession charges. Tonjes did not appeal the denial of bond to our court.

The Texas Constitution provides in Article I, section 11a that when bail is denied "the right of appeal to the Court of Criminal Appeals of the State is expressly accorded the accused . . . and said appeal shall be

---

1. The offense of aggravated possession of marihuana is found at art. 4476–15, § 4.051(c) (Vernon 1982) of the *Texas Controlled Substances Act.* The legislature, however, passed two entirely different § 4.051 amendments to the Texas Controlled Substances Act. *Compare* 1981 Tex.Sess.Law Serv., ch. 268, § 4.051, at 702–03 (Vernon) (Unlawful possession of marihuana) *with* 1981 Tex.Sess.Law Serv., ch. 276, § 4.051, at 741 (Vernon) (Delivery of controlled substance to minor).

given preference by the Court of Criminal Appeals." We have been informed by the clerk of the Court of Criminal Appeals that it heard oral arguments concerning Tonjes' denial of bond on January 12, 1982.

In light of the district court's denial of bond on both charges, and Tonjes' appeal of the district court's action to the Court of Criminal Appeals, Tonjes' appeal to our court is moot and is hereby dismissed.