## Houston Madison
## WISENBAKER, Appellant,

v.

## The STATE of Texas, Appellee.

### No. A14–89–00778–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 7, 1989.

George J. Paraham, Houston, for appellant.

Katherine Haden, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

## OPINION

**J. CURTISS BROWN, Chief Justice.**

This is an appeal from the trial court's denial of appellant's request to reduce bail bonds in a habeas corpus hearing. Appellant filed an application for Writ of Habeas Corpus with the 182nd District Court to reduce the bonds on the reindictment of four charges of failure to remit gasoline taxes. Appellant brings five points of error. For the reasons discussed below, we affirm the trial court's decision.

In 1986 appellant Houston Madison Wisenbaker (appellant or Wisenbaker) was indicted for three counts of failure to remit gasoline taxes, each indictment representing a separate quarter in which appellant allegedly. failed to pay the taxes. Appellant posted bonds in the amount of $150,-000 ($50,000 per indictment), and was released from custody. The court granted appellant's motion to quash, but in 1988 a grand jury reindicted Wisenbaker for the three original charges plus a fourth charge covering a new quarter. The bonds on the original indictments were transferred to the three reindictments, and the court gave appellant a personal recognizance bond on the fourth indictment. Subsequently, appellant's motion to quash the new indictments was granted, and he was again reindicted for the four charges in 1989. After the second reindictment the court increased bail to $200,000, the initial $150,000 plus $50,000 substituted for the personal recognizance bond on the most recent indictment. The original bonds were not transferred. Wisenbaker failed to pay the new bonds and was committed to custody. The trial court denied a writ of habeas corpus to reduce the bonds, and Wisenbaker appealed the decision to this court.

■ In his first and fourth points of error appellant claims that the trial court erred in failing to transfer the original bonds to the second set of reindictments. We cannot, however, examine the merit of appellant's claim as the error was not properly preserved for appeal.

At the trial court hearing appellant objected to the bond amount as being excessive; however, he did not at that time object to the court's failure to transfer his existing bonds. Generally, a defendant must object in a timely and specific manner in order to preserve error for appeal. *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim.App.1986); *Thompson v. State*, 691 S.W.2d 627, 634 (Tex.Crim.App.1984). An objection does not preserve error if it differs from the complaint made on appeal. *Thomas*, 723 S.W.2d at 700. Since appel-

lant did not specifically object to the trial court's failure to make the transfer, we cannot at this time examine the propriety of court's action. We therefore overrule appellant's points one and four.

In his second point appellant complains that the trial court erred in not reducing the excessive bail set for the new indictments. We disagree.

The setting of bail is within the sound discretion of the trial court, and there is no precise standard for reviewing its determination. *Ex parte Welch,* 729 S.W.2d 306, 309 (Tex.App.—Dallas 1987, no pet.) (citations omitted). However, article 17.15 of the code of criminal procedure gives rules for fixing the amount of bail. TEX.CODE CRIM.PROC.ANN. art. 17.15 (Vernon Supp.1989). Bail must be sufficiently high to assure defendant's court appearance, but not so high as to be oppressive. *Id.* The court may also consider the nature and circumstances of the offense as well as the defendant's ability to pay. *Id.* The burden to prove that bail is excessive rests on the defendant, however, and he must show that his funds and those of his family have been exhausted. *Ex parte Willman,* 695 S.W.2d 752, 754 (Tex.App.—Houston [1st Dist.] 1985, no pet.) (citations omitted). Additionally, the defendant must usually show that he has made an unsuccessful effort to furnish bail in the amount fixed. *Id.*

The only evidence presented to establish appellant's inability to pay bail was the testimony of the bondsman who posted the original bonds. The bondsman testified that he "understood" that Wisenbaker had not been able to raise the capital to make the new bonds. This evidence does not establish that appellant had exhausted his funds or had made an unsuccessful effort to furnish the bail. Additionally, Wisenbaker had agreed to post bonds amounting to $50,000 per charge on the previous indictments without complaint of excessiveness. Although there may have been a change in Wisenbaker's financial circumstances, there has likewise been a change in circumstances surrounding the charges. At the trial court hearing the State present-

ed evidence that while released on bail Wisenbaker had continued the alleged criminal activity. The State also presented hearsay testimony that an informant claimed that Wisenbaker planned to flee the country once freed on bail. Appellant did not object to the admission of this evidence at the trial court hearing and consequently preserved no error in its admission. *Cisneros v. State,* 692 S.W.2d 78, 82 (Tex.Crim.App. 1985); *see* TEX.R.CRIM.EVID. 802 ("Inadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay."); *see also Thomas,* 723 S.W.2d at 700; *Thompson,* 691 S.W.2d at 634. In light of circumstances of this case and the evidence presented at the trial court hearing, we do not find that the court abused its discretion in setting bail. Point two is overruled.

Wisenbaker also asserts that the trial court erred in permitting amendment of the indictment. We do not agree with appellant's contention. Appellant cites criminal procedure article 28.10 to support that he is entitled to notice before an indictment may be amended. TEX.CODE CRIM.PROC. ANN. art. 28.10 (Vernon 1989). Additionally, appellant states that the indictment may not be amended over objection if his substantial rights are prejudiced. *Id.* However, appellant confuses "reindictment" with "amendment." In Wisenbaker's case earlier indictments were quashed, and the grand jury reindicted the appellant, making the indictments new, not revised. The State has never amended the indictments. For this reason article 28.10 does not apply. We therefore overrule appellant's third point.

In his fifth point of error appellant claims that the trial court erred in denying him his sixth amendment rights. Without citing any authority as support, appellant claims that while in jail he is unable to sufficiently and effectively assist in the preparation of his own defense. Appellant is not unique in his situation. Every defendant held in custody prior to trial must deal with his attorney through the visitation regulations of his custodians. However, these visitation restrictions do not neces-

sarily inhibit the effective assistance of counsel. Appellant has presented no evidence showing that he and his counsel cannot prepare the case while working within the regulated parameters of appellant's confinement. To support appellant's contention would require the release of all defendants pending trial regardless of the circumstances and the severity of the crime. We are unwilling to so radically alter established criminal procedure practice. We therefore overrule appellant's final point.

Since the appellant has presented no trial court error, we affirm the court's judgment.