**Ex parte Rosemary C. PENAGOS, Appellant.**

**No. 01-91-00215-CR.**

Court of Appeals of Texas, Houston (1st Dist.).

May 9, 1991.

Kathryn K. Hooker, Houston, for appellant.

John B. Holmes, Harris Co. Dist. Atty., Alan Curry and Casey O'Brien, Asst. Dist. Attys.

Before COHEN, WILSON and PRICE [1], JJ.

## OPINION

PRICE, Justice.

The grand jury indicted appellant, Rosemary C. Penagos, for possession of a controlled substance (cocaine) weighing at least 400 grams. The court set bail at $200,000. Appellant filed a writ of habeas corpus asserting the bail was excessive. The court granted appellant's application for writ of habeas corpus and reduced bail to $100,000. Appellant brings this appeal from the trial court's ruling, asserting bail is still excessive.

At the habeas corpus hearing, appellant introduced evidence that she was a person of modest means who supported her mother and father. She lived in a $425 per month apartment with her parents, her 16–year old daughter, 20–year old son, and a 26–year old friend of the family. Other monthly expenses included $60 for electricity, $710 for food, and $15 for clothes. Appellant's monthly income included $800 from her babysitting job, $200 from her son, and $100 from her mother, which left

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

her with a monthly deficit of approximately $110. Appellant did not own a car or real estate. Her employer testified she would contribute about $1,000 toward a bond, while her son testified the family could contribute an additional several hundred dollars.

Regarding ties to the community, the record reflects that appellant has no prior convictions. She has lived in the United States for at least 20 years and for almost 10 years at her current address. She has been a naturalized U.S. citizen for over eight years. Appellant has relatives living in Colombia, but her mother, father, and daughter are all living with her and depend on her for their support. Appellant has been employed for three years as a babysitter caring for her employer's young children. Appellant's employer testified that she would be willing for appellant to stay at her house and be electronically monitored while the case remained pending. Members of appellant's family and some of her friends testified that because of appellant's close relationship with her family, and their dependency on her, she was not a flight risk. Appellant's counsel offered, by proffer, similar testimony from other witnesses regarding appellant's financial condition and the financial dependency of her family.

At the court's request, appellant was arraigned. The court then admonished appellant concerning her rights and incorrectly stated the range of punishment for the offense to be a minimum of 15 years confinement up to a maximum of 99 years or life and a fine of up to $250,000.

After the arraignment, the court inquired of the prosecutor what he anticipated the evidence would show at trial. By way of proffer, the prosecutor stated that, on the basis of a tip, Houston police officers watched a vehicle go to a location where appellant entered the vehicle. The police drove along side the vehicle, looked inside, and saw appellant holding in her lap a wrapped package, later determined to be a kilo of cocaine. When the officers approached the vehicle, appellant threw the package to the ground. The police asked appellant and the driver to step out of the vehicle and saw a second kilo of cocaine at the driver's feet, sticking out of her purse. The prosecutor stated the wholesale value of this amount of cocaine would be from $18,000 to $21,000. The prosecutor was not sworn before reciting these facts and introduced no documents into evidence. Appellant did not object to the prosecutor's recitation of the evidence concerning the offense, and offered no evidence to rebut the proffered testimony.

The court then asked appellant if she understood that the amount of cocaine involved in the case was five times the minimum amount required to establish a minimum sentence. Appellant stated she understood. After ascertaining that, at trial, if the jury found appellant guilty, the State intended to ask the jury to assess appellant's punishment at 60 years confinement and a $250,000 fine, the court granted appellant's writ of habeas corpus and reduced the bail to $100,000.

In her first point of error, appellant contends bail is excessive based on the evidence.

■■■■ Setting bail is within the sound discretion of the trial court and although there is no precise standard of review in such cases, TEX.CODE CRIM.P.ANN. art. 17.15 (Vernon Supp.1991) serves as a guide. *Ex parte Pemberton*, 577 S.W.2d 266, 267 (Tex.Crim.App.1979). Under article 17.15, the bail should be sufficiently high to give reasonable assurance the defendant will appear for trial, but not be so used as to make it an instrument of oppression. Article 17.15(1), (2). The court is to consider the nature of the offense and the circumstances under which it was committed, the defendant's ability to make bail, and the future safety of a victim of the alleged offense. Article 17.15(3),(4), (5). Ability to make bail is a factor to be considered, but ability alone, even indigency, does not control the amount of bail. *Ex parte Charlesworth*, 600 S.W.2d 316, 317 (Tex.Crim.App. 1980). The nature of the offense and the circumstances under which it was committed are also to be considered, and this necessarily involves the punishment permit-

ted by law. *Ex parte Clark*, 537 S.W.2d 40, 42 (Tex.Crim.App.1976).

■ Appellant, in her brief, asserts the State presented only the indictment, probable cause allegations, and unsupported allegations concerning the value of the contraband. However, the prosecutor made a proffer of the State's evidence, by reciting a shorthand rendition of the facts concerning the nature of the offense. Appellant did not object to this proffered testimony. Thus, she failed to preserve her right to complain here on appeal about its use by the court in setting bail. *See Wisenbaker v. State*, 782 S.W.2d 534, 536 (Tex.App.—Houston [14th Dist.] 1989, no pet.).

■ The punishment permitted by law for aggravated possession of cocaine, as alleged here, is life or a term of not more than 99 years nor less than 10 years and a fine not to exceed $100,000. TEX. HEALTH & SAFETY CODE ANN. § 481.115(d)(2) (Vernon Pamph.1991).

In *Tonjes v. State*, 627 S.W.2d 817 (Tex. App.—Tyler 1982, pet. ref'd), a case similar to the instant case, Tonjes was charged with aggravated possession of marijuana. *Id.* at 815. Tonjes appealed the trial court's order reducing bond from $1 million to $500,000. *Id.* The evidence showed Tonjes was a sales clerk who made about $200 per week, cared for a child with medical problems, and could expect little financial help from friends or relatives. *Id.* at 816. The range of punishment for the offense with which Tonjes was charged was the same as in this case, not less than 10 years up to life and a possible fine up to $100,000. *Id.* The appellate court found a reasonable bail to be $100,000. *Id.*

Accordingly, we find the trial court's setting of bail at $100,000 not to be excessive based on the evidence presented at the habeas corpus hearing. We overrule appellant's first point of error.

In her second point of error, appellant contends the bail is illegally excessive under the eighth and fourteenth amendments to the U.S. Constitution based on the evidence produced at the habeas corpus hearing.

■ The eighth amendment of the U.S. Constitution, made applicable to the states through the fourteenth amendment, prohibits the states from inflicting excessive bail for those offenses for which states permit bail. *See Henderson v. Dutton*, 397 F.2d 375, 377 n. 3 (5th Cir.1968). The setting of bail for a defendant must be based on standards relevant to the purpose of assuring the defendant's presence in court. *Stack v. Boyle*, 342 U.S. 1, 5, 72 S.Ct. 1, 3–4, 96 L.Ed. 3 (1951). In fixing bail at an amount sufficiently high to give reasonable assurance that a defendant would be present in court to answer the charge in the indictment, a court may properly take into account the punishment to be assessed. *Ex parte Cascio*, 140 Tex.Crim. 288, 144 S.W.2d 886, 887 (Tex.Crim.App. 1940). It is clear from the record that the court's ascertainment of the penalty the State intended to ask for at trial, and the court's setting of bail, that the punishment was a prime consideration of the court in setting the bail at the amount it did. Thus, we cannot say that the court acted unreasonably in arriving at the amount of bail.

Appellant's second point of error is overruled.

■ In her third point of error, appellant contends the bail is excessive because the judge based his decision on a more severe penalty for the offense than that actually authorized by the applicable statute. Appellant cites no authority that supports this proposition and we know of none. Accordingly, we overrule appellant's third point of error. *Hefner v. State*, 735 S.W.2d 608, 626 (Tex.App.—Dallas 1987, pet. ref'd); TEX.R.APP.P. 74(f).

We affirm the order of the court setting appellant's bail at $100,000.

COHEN, J., concurs.

COHEN, Justice, concurring.

The majority states that "the punishment [range] was a prime consideration ... in setting the bail...." I agree, which gives me concern because the trial judge erroneously stated that 15 years was the minimum prison term and $250,000 the maxi-

mum fine. In fact, 10 years was the minimum prison term, and $100,000 was the maximum fine. If the minimum term had been two years or five years, or if the trial court had grossly overstated the maximum term, and had declined all relief, I would be inclined to order another bond hearing. Here, however, the trial judge granted significant relief, and the flight risk posed by a defendant facing 10 years to life and a $100,000 fine is little different from that posed by one facing 15 years to life and a $250,000 fine. Thus, under the particular circumstances of this case, I do not think the court's misunderstanding of the range of punishment affected its exercise of discretion in a way that harmed the defendant. Consequently, I join the court's decision.