NO. 07-00-0026-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



FEBRUARY 10, 2000



______________________________




MITCHELL RAY RODGERS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE CRIMINAL DISTRICT COURT NO. 4 OF DALLAS COUNTY;



NO. F93-43098-RK; HONORABLE J. ZIMMERMAN, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON ABATEMENT AND REMAND

 On September 24, 1999, appellant Mitchell Ray Rodgers pled guilty to burglary of a building. 
Appellant filed a timely notice of appeal on October 15, 1999. To date we have not received a clerk's
and reporter's record, nor have we received an appellant's brief. This sequence of events requires
us to call for a hearing as provided in Texas Rule of Appellate Procedure 38.8(b)(3). Accordingly,
this appeal is abated and the cause is remanded to the Criminal District Court No. 4 of Dallas County.

 Upon remand, the judge of the trial court shall immediately cause notice to be given of, and
to conduct, a hearing to determine whether appellant has abandoned his appeal or still desires to
pursue his appeal. In the event appellant still desires to prosecute his appeal, the court shall further
determine whether appellant is now indigent, and if so, whether counsel should be appointed to
represent him, and the name, address, and State Bar of Texas identification number of any counsel
appointed. Finally, the court should consider whether any further steps need to be taken to facilitate
the provision of an appellate record and the completion of the record for appellate review.

 In support of its determination, the trial court shall prepare and file findings and orders and
cause them to be included in a supplemental clerk's record and the transcription of the hearing should
be submitted to the clerk of this court not later than March 9, 2000.

 It is so ordered.

 Per Curiam

Do not publish.



e, 81 S.W.3d 920,
924 (Tex.App.-El Paso 2002, pet. ref'd). The record indicates a hearing was held and
after testimony was given, the court ruled on the merits of appellant's application. As a
result, we have jurisdiction to hear an appeal of the trial court's order and appellant's first
issue is sustained. 

 In her second issue, appellant contends that the trial court abused its discretion in
failing to set a reasonable bail. She argues that bail is excessive and unreasonable in
violation of the Eighth Amendment to the U.S. Constitution, Article 1, Section 13 of the
Texas Constitution and Article 1.09 of the Texas Code of Criminal Procedure. 

 The trial court has discretion in determining the amount of bail. Ex parte Penagos,
810 S.W.2d 796, 798 (Tex. App.-Houston [1st Dist.] 1991, no pet.). The exercise of that
discretion will not be disturbed unless clearly abused. Ex parte Pipkin, 935 S.W.2d 213,
215 (Tex.App.-Amarillo 1996, pet. ref'd).

 The trial court is to determine the amount of bail, in part, by the following rules: (1)
The bail shall be sufficiently high to give reasonable assurance that the undertaking will be
complied with; (2) The power to require bail is not to be so used as to make it an
instrument of oppression; (3) The nature of the offense and the circumstances under which
it was committed are to be considered; (4) The ability to make bail is to be regarded, and
proof may be taken upon this point; and (5) The future safety of a victim of the alleged
offense and the community shall be considered. Tex. Code Crim. Proc. Ann. art. 17.15
(Vernon Supp. 2004-2005). 

 The trial court may consider other factors, identified by the Court of Criminal
Appeals to include: the accused's work record; her family and community ties; her length
of residency; prior record; conformity with the conditions of any previous bond; the
existence of outstanding bonds, if any; and the alleged aggravating circumstances involved
in the offense. Ex parte Rubac, 611 S.W.2d 848, 849-50 (Tex.Crim.App. [Panel Op.]
1981). (2) The burden of showing bail to be excessive is on appellant. Id. at 849.

 Appellant presented evidence at the hearing that she had been living and working
in Dallas for several months prior to her arrest. A former employer testified appellant had
worked successfully in Lubbock with "at risk youth" through the local YMCA and Lubbock
Housing Authority for a number of years. Appellant was unemployed due to a back injury
at the time she moved to Dallas. She has relatives in Lubbock, which indicates that she
has ties to the community. 

 The parties stipulated that in Lubbock County a party would have to pay a fee of ten
to fifteen percent for a bond. The testimony indicated that appellant would be able to raise
only $500 which would allow her to obtain bail in the amount of $5000. There is no
information in the record regarding appellant's current assets other than references in the
police reports to a vehicle owned by appellant at the time of the murder. 

 The State argues that the nature of the offense and appellant's previous convictions
for felonies are factors the court considered in setting bail at $50,000. Appellant has been
convicted three times for possession of a controlled substance and has additional
convictions for theft and forgery. She has been convicted of felonies in Texas and New
Mexico and has used various aliases in the past, indicating she could be a flight risk. 

 The future safety of the victim is not an issue since the victim was murdered. The
safety of the community is relevant, given appellant's prior felony record and the
circumstances surrounding the murder. The murder investigation conducted by the
Lubbock Police Department identified several witnesses who were reluctant to discuss the
homicide due to alleged involvement of the "Texas syndicate prison gang." Witnesses
expressed a concern for their own safety and indicated that the murder was a "contract
killing" ordered by members of the gang. Appellant's boyfriend, who has also been indicted
for the murder, is a member of the gang.

 Appellant was seen in the area where the murder occurred and with the murder
weapons shortly afterwards. The State alleges that she has either hidden or disposed of 
knives used in the commission of the murder. The State argues that to release appellant
prior to trial would provide her with an opportunity to dispose of the murder weapons, if
they are still in her control, and would put the lives of witnesses in jeopardy. 

 Given all the evidence presented to the trial court, and the severity of the alleged
offense, we find it was not unreasonable for the court to set bail at $50,000. It is
sufficiently high to provide assurance appellant will appear for trial but does not appear,
under the circumstances, to be an instrument of oppression. The trial court did not abuse
its discretion in setting appellant's bail at $50,000. Appellant's second issue is overruled. 
The order of the trial court is affirmed. Per Curiam


Do not publish. 
1. 
 
 
 
2.