NO. 07-04-0085-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 12, 2004

_____

ADELAIDA CONTRERAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-001686; HONORABLE ANDREW KUPPER, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Adelaida Contreras challenges the denial of her application for writ of habeas corpus seeking reduction of the bond in the case pending against her. The trial court, after a hearing on her request to reduce bond that was initially set at $200,000, reduced the amount to $50,000. She presents two issues for our review, 1) whether this

court has jurisdiction to hear an appeal on the trial court's order reducing bond and 2) whether the trial court erred and abused its discretion by failing to set a reasonable bond.

Appellant is charged with murder.[1] Her bail was initially set at $200,000. A hearing was held on her application for writ of habeas corpus seeking bail reduction on December 18, 2003. After hearing evidence and argument of counsel, the trial court reduced the bail to $50,000 with additional terms and conditions. Appellant contends that setting bail at $50,000 is excessive and denies her the ability to earn money to finance her defense.

An order ruling on an application for writ of habeas corpus on its merits following an evidentiary hearing is appealable. *Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex.Crim.App. 1991) (en banc). A defendant may raise, by pretrial habeas corpus, claims concerning double jeopardy, collateral estoppel, and bail because if he were not allowed to do so until after conviction those protections would be undermined. *Jaime v. State*, 81 S.W.3d 920, 924 (Tex.App.–El Paso 2002, pet. ref'd). The record indicates a hearing was held and after testimony was given, the court ruled on the merits of appellant's application. As a result, we have jurisdiction to hear an appeal of the trial court's order and appellant's first issue is sustained.

In her second issue, appellant contends that the trial court abused its discretion in failing to set a reasonable bail. She argues that bail is excessive and unreasonable in

---

[1]Both appellant and the State in their briefs indicate appellant is charged with murder, but the record does not contain a copy of the indictment. Absent a copy of the indictment we will rely on the representation of appellant that she has been indicted on a murder charge.

violation of the Eighth Amendment to the U.S. Constitution, Article 1, Section 13 of the Texas Constitution and Article 1.09 of the Texas Code of Criminal Procedure.

The trial court has discretion in determining the amount of bail. *Ex parte Penagos*, 810 S.W.2d 796, 798 (Tex. App.–Houston [1st Dist.] 1991, no pet.). The exercise of that discretion will not be disturbed unless clearly abused. *Ex parte Pipkin*, 935 S.W.2d 213, 215 (Tex.App.–Amarillo 1996, pet. ref'd).

The trial court is to determine the amount of bail, in part, by the following rules: (1) The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with; (2) The power to require bail is not to be so used as to make it an instrument of oppression; (3) The nature of the offense and the circumstances under which it was committed are to be considered; (4) The ability to make bail is to be regarded, and proof may be taken upon this point; and (5) The future safety of a victim of the alleged offense and the community shall be considered. Tex. Code Crim. Proc. Ann. art. 17.15 (Vernon Supp. 2004-2005).

The trial court may consider other factors, identified by the Court of Criminal Appeals to include: the accused's work record; her family and community ties; her length of residency; prior record; conformity with the conditions of any previous bond; the existence of outstanding bonds, if any; and the alleged aggravating circumstances involved

in the offense. *Ex parte Rubac*, 611 S.W.2d 848, 849-50 (Tex.Crim.App. [Panel Op.] 1981).[2]  The burden of showing bail to be excessive is on appellant. *Id*. at 849.

Appellant presented evidence at the hearing that she had been living and working in Dallas for several months prior to her arrest.  A former employer testified appellant had worked successfully in Lubbock with "at risk youth" through the local YMCA and Lubbock Housing Authority for a number of years.  Appellant was unemployed due to a back injury at the time she moved to Dallas.  She has relatives in Lubbock, which indicates that she has ties to the community.

The parties stipulated that in Lubbock County a party would have to pay a fee of ten to fifteen percent for a bond. The testimony indicated that appellant would be able to raise only $500 which would allow her to obtain bail in the amount of $5000.  There is no information in the record regarding appellant's current assets other than references in the police reports to a vehicle owned by appellant at the time of the murder.

The State argues that the nature of the offense and appellant's previous convictions for felonies are factors the court considered in setting bail at $50,000. Appellant has been convicted three times for possession of a controlled substance and has additional convictions for  theft and forgery.  She has been convicted of felonies in Texas and New Mexico and has used various aliases in the past, indicating she could be a flight risk.

---

[2]While *Rubac* involved an appeal bond, it relied on several cases involving pretrial bonds, making no distinction between the two.

The future safety of the victim is not an issue since the victim was murdered. The safety of the community is relevant, given appellant's prior felony record and the circumstances surrounding the murder. The murder investigation conducted by the Lubbock Police Department identified several witnesses who were reluctant to discuss the homicide due to alleged involvement of the "Texas syndicate prison gang." Witnesses expressed a concern for their own safety and indicated that the murder was a "contract killing" ordered by members of the gang. Appellant's boyfriend, who has also been indicted for the murder, is a member of the gang.

Appellant was seen in the area where the murder occurred and with the murder weapons shortly afterwards. The State alleges that she has either hidden or disposed of knives used in the commission of the murder. The State argues that to release appellant prior to trial would provide her with an opportunity to dispose of the murder weapons, if they are still in her control, and would put the lives of witnesses in jeopardy.

Given all the evidence presented to the trial court, and the severity of the alleged offense, we find it was not unreasonable for the court to set bail at $50,000. It is sufficiently high to provide assurance appellant will appear for trial but does not appear, under the circumstances, to be an instrument of oppression. The trial court did not abuse its discretion in setting appellant's bail at $50,000. Appellant's second issue is overruled. The order of the trial court is affirmed.

Per Curiam

Do not publish.