**Ex parte Charles GOOSBY.**

**No. 01–84–0707–CR to 01–84–0711–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 31, 1985.

Steven Rocket Rosen, Houston, for appellant.

William A. Meitzen, Fort Bend Dist. Atty., John F. Healey, Fort Bend Asst. Dist. Atty., Richmond, for appellee.

Before EVANS, C.J., and COHEN and DUNN, JJ.

## OPINION

PER CURIAM.

This is an appeal from an order of the trial court setting bond at $250,000 each for four capital murder indictments and $25,000 for an attempted capital murder indictment for a total amount of $1,025,000 bond. At a bond reduction hearing, the trial court denied a motion for reduction of a bond on all five indictments.

We note that the Constitution and laws of Texas allow bond to be denied in a capital murder case where the State shows at a hearing that the proof is evident that the defendant is guilty and will be sentenced to death. Tex.Const.Art. I, sec. 11. The State did not seek such a hearing, however, and did not request denial of bail, nor has the State directed us to any case upholding bail as high as $250,000 in a capital murder case.

Appellant contends that the amount of bond set is excessive, that he cannot make bond in that amount, and that bond should have been reduced in each case. Appellant further asserts that even though the death penalty may be assessed, there has been no showing that the possibility of such punishment would compel him to abscond and, therefore, a lower bond would assure his presence at trial.

■■■ The right to a reasonable bond is based on the presumption of innocence and is protected by the United States Constitution, the Texas Constitution and Texas statutes. U.S.Const. amend. VIII; Tex.Const. art. I, sec. 11; Tex.Code Crim.P.Ann. art. 1.07 (Vernon 1977). The primary purpose of a bond is to ensure the appearance of the accused at trial. Although bail should not be used as an instrument of oppression, it should be sufficiently high to give reasonable assurance that the accused will appear. Tex.Code Crim.P.Ann. art. 17.15 (Vernon 1977); *Ex parte Bufkin,* 553 S.W.2d 116 (Tex.Crim.App.1977). Circumstances and factors to be considered in determining the amount of bond include: the petitioner's work record, family ties, residency, ability to make bond, prior criminal record, conformity with previous bond conditions, any outstanding bonds, and aggravating circumstances involved in the offense. *Ex parte Rubac,* 611 S.W.2d 848 (Tex.Crim.App.1981). The court is also allowed to consider the nature and circumstances of the offense committed. Art. 17.15.

Appellant argues that his community ties are sufficient to warrant a reduction in bond, in that he has lived in the Houston area since September 18, 1978, has been employed over the past six years as a maintenance man, and was employed at the time of his arrest.

It is also appellant's contention that his lack of a prior criminal record should be considered a factor in reducing the bond. The record does not indicate that appellant has previously been convicted of a felony, but does indicate that appellant has had bond set in other states. However, there is no testimony concerning his compliance with those prior bonds.

There has been no showing that either appellant or his wife own property in Texas or have many family relations living in the state. The record reflects that appellant's

employment history consists of doing odd jobs and that he was discharged from military service for failure to adapt. Since arriving in Houston in 1978, he has lived in four different apartment complexes. Prior to moving to Texas in 1978, he resided in California, Alabama, and Mississippi over a nine-year period.

■ Appellant has been indicted in four counts of capital murder with each having the possibility of punishment being assessed at death or confinement in the Texas Department of Corrections for life. Tex.Code Crim.P.Ann. art. 37.071 (Vernon 1977). Appellant was also indicted for the offense of attempted capital murder for which he could be sentenced up to 99 years confinement. The length of the sentence and the nature of the offense are significant factors in determining what constitutes reasonable bond. *Rubac,* 611 S.W.2d 848.

■ The setting of bail is within the discretion of the trial court, and it is appellant's burden to show that the bail is excessive. Art. 17.15. Eleven years ago, in *Ex parte Sierra,* 514 S.W.2d 760 (Tex.Crim. App.1974) bail was set at $50,000 each in two prosecutions for capital murder. Fourteen years ago, bail of $75,000 for the then capital offense of robbery by firearms was approved in *Ex parte Roberts,* 468 S.W.2d 410 (Tex.Crim.App.1971).

■ There has been a substantial decrease in the value of the dollar over these periods of time. However, we conclude that the bail in each of the four capital murder indictments ($250,000) is excessive and we reduce the amount of bail in each case to the sum of $100,000.

■ We find that bail of $25,000 for attempted capital murder is reasonable. *Ex parte Simon,* 469 S.W.2d 804 (Tex. Crim.App.1971). Therefore, the judgment of the trial court setting bail at $25,000 for the attempted capital murder indictment is affirmed.