Oscar Derek PATTERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–92–00346–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 12, 1992.

Discretionary Review Refused
Feb. 10, 1993.

Mike Degeurin, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Alan Curry, Denise Oncken, Asst. Dist. Attys., Houston, for appellee.

Before DUGGAN, DUNN and MIRABAL, JJ.

OPINION

DUGGAN, Justice.

Appellant was charged with the felony offense of possession of a controlled substance, cocaine, with intent to deliver. The judge who regularly presided over the court to which the case was assigned set bond at $200,000. Appellant filed an application for writ of habeas corpus, claiming excessive bail. A visiting judge granted the writ and reduced bail to $150,000. In his sole point of error, appellant contends this amount is excessive. We disagree and therefore affirm.

The amount of bail is within the sound discretion of the trial court. *Ex parte Penagos*, 810 S.W.2d 796, 798 (Tex. App.—Houston [1st Dist.] 1991, no pet.). Texas Code of Criminal Procedure article 17.15 serves as a guide for the exercise of that discretion. *Id.* That article provides the following factors to consider in determining the amount of a defendant's bail:

(1) The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

(2) The power to require bail is not to be used as an instrument of oppression.

(3) The nature of the offense and the circumstances of its commission are to be considered.

(4) The ability to make bail is to be regarded, and proof may be taken on this point.

(5) The future safety of a victim of the alleged offense may be considered.

TEX.CODE CRIM.PROC.ANN. art. 17.15 (Vernon Supp.1992). The burden of proof, when a defendant claims that the amount of bail set is excessive, rests upon the defendant. *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex. Crim.App.1981).

■ We first consider the nature of the offense and the circumstances of its commission. *See Penagos*, 810 S.W.2d at 799. In considering this factor, we necessarily consider the punishment permitted by law for the alleged offense. *Ex parte Clark*, 537 S.W.2d 40, 42 (Tex.Crim.App.1976); *Penagos*, 810 S.W.2d at 798–99.

■ Testimony showed that the amount of cocaine involved is 1,262.6 grams, with a street value of approximately $120,000. The punishment range for the felony offense of possession with intent to deliver cocaine in that amount is confinement for life or for a term of not more than 99 years or less than 15 years, and a fine not to exceed $250,000. TEX.HEALTH & SAFETY CODE ANN. § 481.112(d)(3) (Vernon 1992). In *Penagos*, we held that a trial court's setting of bail at $100,000 was not excessive for a defendant charged with aggravated possession of cocaine, which carries a lesser punishment range of confinement for life or a term not more than 99 years or less than 10 years, and a fine not to exceed $100,000. 810 S.W.2d at 799.

At the time appellant is alleged to have committed the present offense, he was on bond in two other cases, a misdemeanor possession of a prohibited weapon ($1,000 bond) and a felony burglary ($10,000 bond). His alleged commission of a second misdemeanor offense, an assault, is interrelated with the present charge. Evidence at the habeas hearing showed that the complainant in the misdemeanor assault is appellant's common law wife, that she was eight months pregnant at the time of the assault, and that appellant struck her when she attempted to flush down the toilet two bags of cocaine which she claimed she had

taken from him. After the assault, appellant retrieved the cocaine and left for his place of business. His wife then called police and informed them of appellant's actions and where he was going. The police arrived at appellant's business and observed white powder on the front of his shirt. Appellant consented to a field test of the powder, which tested positive for cocaine. Based on his wife's alleged statement to officers, together with appellant's arrest and the field test results, officers obtained a search warrant for appellant's business location and truck. Upon executing the warrant, officers seized the 1,262.6 grams of cocaine. Appellant's bond in the assault case is $1,000.

While the State could have moved the trial court to deny bond in the present case altogether, it did not do so. TEX. CONST. art. 1, § 11a (Vernon 1984). We thus presume the State was satisfied that appellant be released on reasonable bail.

■ We next consider appellant's ability to make bail. This factor alone, however, does not control the amount of bail. *Ex parte Charlesworth*, 600 S.W.2d 316, 317 (Tex.Crim.App. [Panel Op.] 1980); *Penagos*, 810 S.W.2d at 798. This is true even if the defendant is indigent. *Charlesworth*, 600 S.W.2d at 317; *Penagos*, 810 S.W.2d at 798.

The record is clear that appellant does not have financial resources of his own that would enable him to make bail in the amount of $150,000, and that despite the valiant efforts of his father, none of appellant's family members or friends are able to provide money for bail in that amount.

We acknowledge the series of cases cited in appellant's brief as "instructive" that the amount of bail in this case is excessive. While all but one of these cases involve controlled substance offenses, the most recent case is 12 years old. *See Ex parte Rodriguez*, 595 S.W.2d 549 (Tex.Crim.App. [Panel Op.] 1980) ($100,000 reduced to $50,-000); *Ex parte Plumb*, 595 S.W.2d 544 (Tex.Crim.App. [Panel Op.] 1980) ($150,000 reduced to $50,000); *Ex parte Sandoval*, 576 S.W.2d 634 (Tex.Crim.App. [Panel Op.]

1978) ($500,000 reduced to $50,000); *Ex parte Branch,* 553 S.W.2d 380 (Tex.Crim. App.1977) ($500,000 reduced to $20,000); and *Ex parte Dueitt,* 529 S.W.2d 531 (Tex. Crim.App.1975) ($60,000 reduced to $10,-000).

A review of more recent cases from this Court suggests that bail in the amount of $150,000 for a case involving possession with intent to deliver an aggravated amount of a controlled substance, as is involved here, is clearly not excessive per se. *See, e.g., Ex parte Bonilla,* 742 S.W.2d 743 (Tex.App.—Houston [1st Dist.] 1987, no pet.) ($250,000); *Ex parte Willman,* 695 S.W.2d 752 (Tex.App.—Houston [1st Dist.] 1985, no pet.) ($300,000); *Ex parte Mudragon,* 666 S.W.2d 617 (Tex.App.—Houston [1st Dist.] 1984, no pet.) ($250,000); and *Ex parte Martinez–Velasco,* 666 S.W.2d 613 (Tex.App.—Houston [1st Dist.] 1984, no pet.) ($375,000). We acknowledge appellant's argument that these latter cases, involving bail higher than was set here, involved defendants who were foreign nationals with no local ties, or residents of other states, or persons who were extradited to Texas before bail was set.

However, despite appellant's strong local family ties and apparent inability to obtain a $150,000 bond, we hold, considering the entire record, that the trial court did not abuse its discretion in setting bail in that amount. We are persuaded that the trial court could reasonably find that the nature of the offense charged, and the circumstances under which the evidence shows it was committed, outweigh appellant's apparent inability to make bail in its current amount. The record supports a holding that bail was not used here as an instrument of oppression. *See Penagos,* 810 S.W.2d at 799.

We overrule appellant's point of error and affirm the trial court's order setting appellant's bail at $150,000.