Khang Trong NGUYEN, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–94–00372–CR to 01–94–00374–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 14, 1994.

Mike Degeurin, Paul Nugent, Houston, for appellant.

John F. Healey, Jr., J. Sidney Crowley, Pedro Ruiz, Asst. Dist. Attys., Fort Bend County, for appellee.

Before COHEN, HUTSON–DUNN and O'CONNOR, JJ.

## OPINION

HUTSON–DUNN, Justice.

Appellant, Khang Trong Nguyen, seeks a reduction of bail through this appeal. In three points of error, appellant contends that

the trial court abused its discretion because his bail is excessive and therefore, violates the United States and Texas Constitutions and the Texas Code of Criminal Procedure.[1] We grant appellant's request for a reduction of bail.

### Procedural background

In three separate indictments, a grand jury indicted appellant for aggravated robbery in cause number 25,424; burglary of a habitation in cause number 25,426; and engaging in criminal activity in cause number 25,430. The three offenses all arose out of the same alleged criminal act. The trial court initially set bail in an aggregate amount of $350,000: $50,000 bail for aggravated robbery; $50,000 bail for the burglary offense; and $250,000 bail for engaging in criminal activity.

Appellant filed an application for writ of habeas corpus in each case requesting a bail reduction. After the hearing on his application, the trial court reduced appellant's bail for the offense of engaging in criminal activity from $250,000 to $150,000. Appellant's bail remained at $50,000 for each of the other two offenses. Thus, his bail is currently set at $250,000 for all three offenses.

### Evidence from the habeas corpus hearing

At the hearing on his application for writ of habeas corpus, appellant offered the testimony of two police officers and his brother. Officer Mary Elizabeth Mann testified that on February 25, 1994, at about 8:00 a.m., she was dispatched to a burglary in progress at a home in Missouri City. When she arrived at the home, she saw a black Lexus car with California license plates leaving the scene. Officer Mann followed the Lexus and stopped the car about a block from the burglarized home.

She testified that when she turned on her siren, appellant, the driver of the Lexus, stopped the car. Appellant gave the officer his California driver's license, and the officer searched appellant and his car. Officer Mann did not find any weapons in the car or

on appellant. She asked appellant and his passenger to wait by the Lexus while she returned to the scene of the burglary. She did not arrest appellant, and she left him with his car and keys. Officer Mann returned with Detective Broussard to where appellant and his companion were waiting. Appellant consented to allow Detective Broussard to photograph him. Appellant was then allowed to leave.

When the police first arrived at the residence being burglarized, several suspects were taken into custody. However, appellant was not seen at the residence, and Officer Mann testified that she never saw his car stopped at the burglarized residence.

Detective Wiley testified that he learned from a confidential informant, who was a travel agent, that appellant and two other suspects had booked a flight from Fort Stockton to Vietnam. The confidential informant did not speak to appellant but spoke to one of the other suspects about the travel arrangements. When Detective Wiley investigated with the airlines, he did not discover any flights to Vietnam booked under appellant's name. Detective Wiley testified that appellant and two others were arrested in Fort Stockton, Texas. When he was arrested, appellant did not have a weapon on his person or in his car. The arresting officers recovered $9000 in cash; however, Detective Wiley did not know what amount of the cash, if any, appellant owned. There is no evidence linking the cash to the burglary or aggravated robbery.

Appellant is 31 years of age. He and his family moved from Vietnam in 1975 and became United States citizens. Appellant's mother and father reside in Houston. Appellant's older brother, David Nguyen, also lives in Houston and is employed by the city of Houston and Harris County as an interpreter. Appellant is a high school graduate and attended college for three years at Houston Baptist University and University of Houston. He has been married for five years to Kelly Tan, who is also a United States citi-

---

1. Specifically, appellant contends that his bail is excessive in violation of U.S. Const. amend. VIII, Tex. Const. art. 1, §§ 11, 13, and Tex.Code Crim. P.Ann. arts. 1.07, 1.09 (Vernon 1977) & art. 17.15 (Vernon Supp.1994).

zen. Before his arrest, he and his wife resided in California, where he worked as a salesman for his wife's mother, who owns a diamond business.

Appellant's older brother, David Nguyen, testified that if appellant's bail is reduced to an amount he could post, he and his wife would move back to Houston and live with his parents. Appellant has no prior criminal record in Texas. Officer Wiley testified that appellant had been arrested in California but had no criminal convictions. Appellant has no known gang affiliation.

David Nguyen contacted bonding companies in an attempt to have appellant post bond in the amount of $350,000. One bonding company refused to make three bonds totaling $350,000. Another bonding company required appellant to pay $70,000 in cash and post $300,000 in collateral. A third bonding company required $35,000 in cash and $350,000 in collateral. Nguyen testified that appellant and his family can raise two or three thousand dollars to pay a bonding company and could come up with cash and collateral to make bonds totaling $30,000.

### Bail

■ The right to a reasonable bond is based on the presumption of innocence and is protected by the United States and Texas Constitutions and the Texas Code of Criminal Procedure. U.S. CONST. amend. VIII; TEX. CONST. art. 1, § 11; TEX.CODE CRIM. P.ANN. art. 1.07 (Vernon 1977); *Ex parte Goosby,* 685 S.W.2d 440, 441 (Tex.App.— Houston [1st Dist.] 1985, no pet.). The primary purpose of an appearance bond is to secure the defendant's presence in court. *Ex parte Vance,* 608 S.W.2d 681, 683 (Tex.Crim. App. [Panel Op.] 1980). While bail should be sufficiently high to give reasonable assurance that the accused will appear, the power to require bail should not be used as an instrument of oppression. *Goosby,* 685 S.W.2d at 441.

■ When a defendant claims that the amount of bail set is excessive, the burden of proof rests upon him. *Ex parte Rubac,* 611 S.W.2d 848, 849 (Tex.Crim.App. [Panel Op.] 1981); *Patterson v. State,* 841 S.W.2d 534,

534 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). The amount of bail set is within the sound discretion of the trial court. *Patterson,* 841 S.W.2d at 535; *Ex parte Penagos,* 810 S.W.2d 796, 798 (Tex.App.—Houston [1st Dist.] 1991, no pet.). Article 17.15 of the Texas Code of Criminal Procedure serves as a guide for the exercise of that discretion. *Patterson,* 841 S.W.2d at 535. That article provides the following factors to consider in determining the amount of a defendant's bail:

(1) The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

(2) The power to require bail is not to be used as an instrument of oppression.

(3) The nature of the offense and the circumstances of its commission are to be considered.

(4) The ability to make bail is to be regarded, and proof may be taken on this point.

(5) The future safety of a victim of the alleged offense may be considered.

TEX.CODE CRIM.P.ANN. art. 17.15 (Vernon Supp.1994).

■ In addition to the considerations set forth in article 17.15, we may consider the following factors when reviewing a trial court's decision setting bail: (1) the accused's work record; (2) the accused's family and community ties; (3) the accused's length of residency; (4) the accused's prior criminal record; (5) the accused's conformity with the conditions of any previous bond; (6) the existence of outstanding bonds, if any; and (7) the alleged aggravating circumstances involved in the offense. *Smith v. State,* 829 S.W.2d 885, 887 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd).

■ We first consider the nature of the offense and the circumstances of its commission. In considering this factor, we necessarily consider the punishment permitted by law for the alleged offense. *Ex parte Clark,* 537 S.W.2d 40, 42 (Tex.Crim.App.1976); *Patterson,* 841 S.W.2d at 535. Appellant is under indictment for three first degree felonies, each carrying a penalty of not less than five years but not more than 99 years or life and a fine up to $10,000. The circumstances of

appellant's alleged crimes were not developed at the habeas hearing. However, appellant allegedly used and exhibited a deadly weapon during the aggravated robbery. If appellant is sentenced to prison, he will be required to serve one half of the maximum sentence or 30 years, whichever is less, before being eligible for parole. TEX.CODE CRIM.P.ANN. art. 42.18, § 8(b)(3) (Vernon Supp.1994).

We next consider appellant's ability to make bail. However, this factor alone does not control the amount of bail. *Ex parte Charlesworth*, 600 S.W.2d 316, 317 (Tex. Crim.App. [Panel Op.] 1980); *Patterson*, 841 S.W.2d at 535. The evidence at the hearing shows that appellant and his family did not have the $35,000 in cash or $350,000 in collateral needed to post a $350,000 bond. Appellant's brother testified that appellant and his family could post a bond totaling $30,000. However, no evidence of appellant's income or financial resources was presented at the hearing. Appellant's brother only testified that appellant did not own any real property.

There is no evidence that appellant poses a threat to the future safety of the victim or victims of the alleged offense. There is also no evidence of appellant's work history, other than his sales job in California. Although appellant's parents and brother reside in Harris County, he is not a Texas resident. However, if a reduced bail were allowed, he and his wife would move to Houston and live with his parents. Appellant has no prior criminal record. The evidence shows that appellant will agree to electronic monitoring as a condition of bond.

Appellant cites several capital murder cases in which excessive bail was reduced to $50,000 or less. *See Ludwig v. State*, 812 S.W.2d 323 (Tex.Crim.App.1991); *Ex parte Vasquez*, 558 S.W.2d 477 (Tex.Crim.App. 1977); *Ex parte Green*, 553 S.W.2d 382 (Tex. Crim.App.1977); *Ex parte Cevallos*, 537 S.W.2d 744 (Tex.Crim.App.1976); *Ex parte Wilson*, 527 S.W.2d 310 (Tex.Crim.App.1975). The State, on the other hand, directs our attention to drug cases in which we held that bail set at $250,000 to $375,000 was reasonable. *See Ex parte Bonilla*, 742 S.W.2d 743 (Tex.App.—Houston [1st Dist.] 1987, no pet.);

*Ex parte Willman*, 695 S.W.2d 752 (Tex. App.—Houston [1st Dist.] 1985, no pet.); *Ex parte Mudragon*, 666 S.W.2d 617 (Tex. App.—Houston [1st Dist.] 1984, no pet.); *Ex parte Martinez–Velasco*, 666 S.W.2d 613 (Tex.App.—Houston [1st Dist.] 1984, no pet.). In *Patterson*, we noted that these drug cases all involved defendants who were foreign nationals with no local ties, were residents of other states, or were extradicted to Texas before bail was set. 841 S.W.2d at 536.

Although appellant does not have a criminal record and has ties to the community, he is not a Texas resident. The evidence shows that he was returning to California when he was arrested. However, reviewing all the factors presented, we conclude that the bail set by the trial court was excessive.

Therefore, we sustain points of error one through three and order that appellant's bail be reduced and set as follows: (1) $20,000 in cause number 25,424 (aggravated robbery); (2) $20,000 in cause number 25,426 (burglary); and (3) $20,000 in cause number 25,430 (engaging in criminal activity). Of course, if appellant is released on bond, the trial court may impose conditions authorized by law.