OPINION HEADING PER CUR 









                NO. 12-07-00241-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

 

§          APPEAL FROM THE 7TH

EX
PARTE: DAVID MCBRIDE,

APPELLANT            §          JUDICIAL
DISTRICT COURT OF

 

§          SMITH COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM
OPINION

            David Allen McBride appeals the trial court’s order
reducing his bond from $500,000.00 to $250,000.00.  In one issue, Appellant contends that the
trial court erred when it granted a bail reduction in an amount that violated
the Texas Constitution and the Texas Code of Criminal Procedure.  We affirm.

 

Background

            Appellant was charged with murder, a first degree felony.[1]








 The trial court set Appellant’s bond at
$500,000.00.  Appellant filed an
application for writ of habeas corpus seeking bail reduction, alleging that the
bail was excessive, oppressive, and beyond Appellant’s financial means  in violation of the United States
Constitution, the Texas Constitution, and the Texas Code of Criminal Procedure.
The trial court conducted a hearing on the application.  Appellant’s investigator, Johnny
Beddingfield, was the only witness.  He
testified regarding damage to and around Appellant’s front door. Appellant’s
counsel stated that Appellant’s family had the ability to make a $50,000.00
bond.  The State introduced a laboratory
report from the Southwestern Institute of Forensic Sciences at Dallas, the
offense report, and photographs of the victim and crime scene.  Following the hearing, the trial court
entered an order granting Appellant’s application for bail reduction and
reduced Appellant’s bail to $250,000.00. 
This appeal followed. 

 

Amount of Bail

            In his sole issue, Appellant
contends that the trial court abused its discretion when it granted his
application for bail reduction in an amount that violated the Texas
Constitution and the Texas Code of Criminal Procedure. More specifically, he
argues that the trial court did not sufficiently reduce his bail and requests
that his bail amount be reduced to $50,000.00. The State disagrees.

Applicable
Law

            The decision regarding a proper bail
amount lies within the sound discretion of the trial court. Tex. Code Crim. Proc. Ann. art. 17.15
(Vernon 2005). Thus, we review a trial court’s pretrial bail determination
under an abuse of discretion standard.  See
Ex parte Rubac, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.]
1981).  With few exceptions, all persons
accused of a crime in this state have a right to bail pending trial. Tex. Const. art. I, § 11; Tex. Code Crim. Proc. Ann. art. 1.07
(Vernon 2005). The right to bail is based on the presumption of innocence. Nguyen
v. State, 881 S.W.2d 141, 143 (Tex. App.–Houston [1st Dist.] 1994, no
pet.). Excessive bail is prohibited by the Eighth Amendment to the United
States Constitution and by article I, section 13 of the Texas Constitution. U.S. Const. amend. VIII; Tex. Const. art. I, § 13. The primary
purpose of an appearance bond is to secure the presence of the accused at trial
on the offense charged. Ex parte Rodriguez, 595 S.W.2d 549, 550
(Tex. Crim. App. 1980). While bail should be sufficiently high to give
reasonable assurances that the accused will appear, the power to require bail
should not be used as an instrument of oppression. Ex parte Ivey,
594 S.W.2d 98, 99 (Tex. Crim. App. 1980). A habeas applicant bears the burden
of proof to show that his bail is excessive. See id. at
849.  

            The Texas Legislature has
established the following factors to be considered by a trial court in setting
pretrial bail:

 

1.             The
bail shall be sufficiently high to give reasonable assurance that the
undertaking will be complied with.

 

2.             The
power to require bail is not to be so used as to make it an instrument of
oppression.

 

3.             The
nature of the offense and the circumstances under which it was committed are to
be considered.

 

4.             The
ability to make bail is to be regarded, and proof may be taken upon this point.

 

5.             The
future safety of a victim of the alleged offense and the community shall be
considered.

 

Tex. Code. Crim. Proc. Ann. art.
17.15. The ability of an accused to post bond is merely one factor to be
considered in determining the appropriate bail. Brown v. State,
11 S.W.3d 501, 504 (Tex. App.–Houston [14th Dist.] 2000, no pet.). A defendant’s
inability to meet the bond set by the trial court does not automatically render
the bail excessive. Id. 

            Other pertinent factors include work
record, family and community ties, length of residency in the county, prior
criminal record, conformity with previous bond conditions, other outstanding
bonds, and aggravating factors involved in the offense.  Ex parte Rubac, 611 S.W.2d at
849-50.  The factors to be considered in
our review of a trial court’s decision are the same as those that are to be
considered by the trial court in its initial determination of bail.  Smith v. State, 829 S.W.2d 885,
887 (Tex. App.– Houston [1st Dist.] 1992, pet. ref’d).  

Analysis

            We turn to the factors to be
considered in setting pretrial bail and set out the evidence in this case as it
relates to each factor.  Because the
trial court granted Appellant’s application for bail reduction, we review the
evidence to determine whether the trial court abused its discretion by not
setting Appellant’s bail lower than $250,000.00.

1.
Reasonable Assurance of Appearance

            Appellant offered no evidence
regarding his ties to the community. 
Beddingfield testified that there was an eviction notice at Appellant’s
mobile home where the incident took place. 
Appellant’s parents or other family members did not testify that he
could live with them before his trial. 
Further, Appellant was facing a possible life sentence.[2]  On the other hand, Appellant’s counsel stated
that Appellant voluntarily turned himself in after an arrest warrant was
issued. Considering this factor alone, the evidence supports a finding that
Appellant may fail to appear for trial. Therefore, this factor favors the
current bail amount.

 

2. Use
of Bail as an Instrument of Oppression

            Bail set in a particular amount
becomes oppressive when it is based on the assumption that the accused cannot
afford bail in that amount and for the express purpose of forcing the accused
to remain incarcerated during trial.  Richardson
v. State, 181 S.W.3d 756, 759 (Tex. App.–Waco 2005, no pet.).  Appellant was charged with murder, a first
degree felony.  In a number of cases,
courts in this state have concluded that bail of $250,000.00 for murder was not
excessive.  See, e.g., Sherman v.
State, No. 01-06-00466-CR, 2007 WL 54806, at *7-8 (Tex. App.–Houston
[1st Dist.] Jan. 9, 2007, no pet.) (mem. op., not designated for publication)
(holding that bail of $250,000.00 for murder was not excessive because
appellant did not show his inability to post bail higher than $100,000.00, appellant
represented a flight risk, and appellant committed two drug possession offenses
while out on a previous bail); Ex parte McFarland, No.
04-03-00154-CR, 2003 WL 21658599, at *3 (Tex. App.–San Antonio July 16, 2003,
no pet.) (mem. op., not designated for publication) (determining that bail of
$500,000.00 for murder charge was excessive and lowering bail to $250,000.00); Ex
parte Ortiz, No. 01-02-00087-CR, 2002 WL 937676, at *3-4 (Tex. App.–Houston
[1st Dist.] May 7, 2002, no pet.) (not designated for publication) (holding
bail of $250,000.00 for murder charge was not excessive because of strong
evidence suggesting that appellant committed the offense, the nature of the
offense, appellant’s escape from police officers, and assault on police
officers and his father); Ex parte Lebron, No. 04-97-00087-CR,
1997 WL 311488, at *1-2 (Tex. App.–San Antonio June 11, 1997, no pet.) (not
designated for publication) (determining that bail of $250,000.00 for murder
charge was not excessive because of the violent nature of the crime and
appellant’s criminal history and lack of ties to the community).

            The record contains nothing to
indicate the trial court rendered its decision to force Appellant to remain
incarcerated, especially since it reduced bail from $500,000.00 to
$250,000.00.  See Richardson,
181 S.W.3d at 759.  In light of decisions
by other courts, bail of $250,000.00 for a first degree murder charge does not
appear excessive. Further, Appellant failed to produce any evidence regarding
his assets and failed to demonstrate that the trial court set bail in an amount
higher than he could afford or higher than necessary to assure his appearance
in court. See Sherman, 
2007 WL 54806, at *7.  Thus, this
factor favors the current bail amount.

 

3.
Nature of the Offense and Circumstances of Commission

            Appellant’s counsel argued that the
offense report showed Appellant was acting in self defense when he shot and
killed the victim.  The State’s evidence
showed that eight of the nine shots found in the victim’s body entered through
his back. Although Appellant’s counsel disputed that all eight shots were to
the victim’s back, he conceded that some of them were. Appellant was charged
with murder, a first degree felony, with a maximum sentence of life imprisonment
and a fine of up to $10,000.00.  See
Tex. Penal Code. Ann. §12.32,
19.02(c) (Vernon 2003).  The potential
life sentence and evidence showing that the victim was shot multiple times in
the back indicate that a high bail amount was appropriate. Therefore, this
factor favors the current bail amount.

4.
Ability to Make Bail

            Although Appellant carried the
burden of proof on his application, he introduced no evidence on his personal
ability to make bail. Appellant’s counsel stated that Appellant’s family could
make a $50,000.00 bond, but offered no evidence to show the individual
financial condition of any family member. Because Appellant failed to carry his
burden of proof, this factor favors the current bail amount.

5.
Future Safety of the Community and Other Factors

            The future safety of the community
was not addressed at the hearing.  The
existence of an indictment, without more, is insufficient to show the accused
poses a threat to the community, and evidence should be presented on that
issue. See Ex parte Milburn, 8 S.W.3d 422, 426 (Tex. App.–Amarillo
1999, no pet.); Nguyen, 881 S.W.2d at 144. Therefore, the
unproven allegations in the indictments are insufficient support for a
conclusion that Appellant is a threat to the community. Morever, the record
includes no evidence supporting an inference that Appellant is a threat to the
community. Also, the other pertinent factors that may be considered by the
trial court were not addressed at the hearing. Thus, these factors favor a
lower bail amount.

 

Conclusion

            After reviewing the record in this
case and considering the appropriate factors, we conclude that bail of
$250,000.00 was supported by the evidence. Consequently, the trial court did
not abuse

 

 

 

 its discretion by granting Appellant’s
application for writ of habeas corpus seeking bail reduction and reducing his
bail from $500,000.00 to $250,000.00. We overrule Appellant’s sole issue. The
judgment of the trial court is affirmed.

 

                                                

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion delivered November 30, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1]Tex. Penal Code Ann. § 19.02(b), (c) (Vernon 2003). 





[2] Punishment for a first
degree felony is imprisonment for life or for any term of not more than
ninety-nine years or less than five years and, in addition, a fine not to
exceed $10,000.00. Tex. Penal Code Ann. §
12.32 (Vernon 2003).