# NO. 12-21-00032-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *EX PARTE:* | § | *APPEAL FROM THE 369TH* |
|  | § | *JUDICIAL DISTRICT COURT* |
| *IRVING WILLIAMS* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant Irving Williams appeals the trial court's order setting his bail at $75,000 for each of eight counts charging him with indecency with a child and sexual assault of a child. We reverse and remand.

## BACKGROUND

The State arrested Appellant on October 15, 2020 and charged him with ten counts of indecency with a child and sexual assault of a child. The trial court initially set bail at $100,000 for each violation, a total bail amount of $1,000,000. On December 14, the grand jury returned an indictment charging him with eight of the original ten counts.

The trial court conducted a hearing on Appellant's request for a reduction of bail on February 2, 2021. Appellant testified regarding his slender financial assets and his work record. He testified that, if released, he would return to his job in Nacogdoches. He also testified that his family moved to a residence twenty miles from the alleged victim's home.

The trial court was told that the State and the Appellant agreed to a total bail of $100,000 for all the charges against Appellant. The trial court was also informed that the Appellant and the State agreed to a "no contact order."

The trial court set bail at $75,000 per count or a total bail amount of $600,000. This appeal followed.

<u>**DENIAL OF PRETRIAL BOND REDUCTION**</u>

In his sole issue, Appellant insists that the trial court erred in ignoring the agreed request of the State and Appellant that bail be set at $100,000 and in setting bail at "an illegal and oppressive" amount of $600,000, an amount appropriate to a capital offense.

**<u>Standard of Review</u>**

Bail settings are reviewed under an abuse of discretion standard. *See **Ex Parte Rubac***, 611 S.W.2d 848, 849-50 (Tex. Crim. App. 1981). The reviewing court will not disturb the trial court's decision if that decision is within the zone of reasonable disagreement. ***Ex parte Beard***, 92 S.W.3d 566, 573 (Tex. App.—Austin 2002, pet. ref'd).

**<u>Applicable Law</u>**

"Bail" is the security given by the accused that he will appear and answer before the proper court the accusation brought against him, and includes a bail bond or a personal bond. TEX. CODE CRIM. PROC. ANN. art. 17.01 (West 2015). The primary purpose in setting bail is to secure the defendant's presence at trial. ***Ex parte Vasquez***, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977). The Texas Constitution recognizes the right to bail in all criminal offenses, with the exception of a capital offense, where proof is evident. TEX. CONST. art. I, § 11. Excessive bail shall not be required. *Id*. § 13. "The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail[.]" TEX. CODE CRIM. PROC. ANN. 17.15 (West 2015). The exercise of this discretion is governed by the Constitution and the following rules:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.[1]
2. The power to require bail is not to be so used as to make it an instrument of oppression.
3. The nature of the offense and the circumstances under which it was committed are to be considered.
4. The ability to make bail is to be regarded, and proof may be taken upon this point.
5. The future safety of a victim of the alleged offense and the community shall be considered.

*Id.*; ***Golden v. State***, 288 S.W.3d 516, 518 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). In determining the amount of a defendant's bail, the following factors should also be considered:

---

[1] "[o]ur Code of Criminal Procedure does not require bail that would 'guarantee' a defendant's appearance, but only bail that 'shall be sufficiently high to give *reasonable assurance* that the undertaking will be complied with.'" ***Ex parte Bogia***, 56 S.W.3d 835, 840 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

(1) work record, (2) family ties, (3) length of residency, (4) criminal record, if any, (5) conformity with the conditions of any previous bond, (6) existence of outstanding bonds, if any, and (7) aggravating circumstances alleged to have been involved in the charged offense. *Smith v. State*, 829 S.W.2d 885, 887 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd). The defendant's potential sentence if convicted is also an important consideration. *Montalvo v. State*, 315 S.W.3d 588, 593 (Tex. App.—Houston [1st Dist.] 2010, no pet.). Although the ability or inability of the accused to make bail is a factor to be considered, that factor alone does not control the amount of bail even if the accused is indigent. *Ex Parte Charlesworth*, 600 S.W.2d 316, 317 (Tex. Crim. App. 1980).

The burden is on the defendant to show that the amount of bail is excessive. *Id*.

**Discussion**

It is safe to assume that the State, in agreeing to a total bail of $100,000, believed this amount sufficient to give reasonable assurance that Appellant would comply with court orders and appear for trial. Nothing in the record suggests that he would ignore or defy court orders or fail to appear for trial.

The consideration of the nature of the offense necessarily involves the consideration of the punishment authorized. *Ex parte Ivey*, 594 S.W.2d 98, 99 (Tex. Crim. App. 1980). Appellant is charged in the indictment with eight counts of sexual assault of a child and indecency with a child. Each offense charged is a second degree felony punishable by imprisonment for two to twenty years and a fine of up to $10,000. *See* TEX. PENAL CODE ANN. §§ 22.011(f), 21.11(d), 12.33 (West 2019 & Supp. 2020). No other evidence was presented regarding the nature or details of the offenses alleged.

Appellant testified regarding his ability to make bail. He told the court that he owned three older automobiles. Two of them were necessary for him and his wife to get to work. The third car he thought could be sold for $7,000 or $8,000. He had no real property, but he had other assets which he believed could be sold for $4,000. The total amount of $11,000 to $12,000, he testified, would be in the neighborhood of the amount required to pay the premium for a $100,000 bail bond.

Appellant testified that his family moved twenty miles away from the alleged victim. The job he would return to if released is in Nacogdoches, over twenty miles from the alleged

victim.  The State and Appellant agreed on a no contact order.  No evidence was presented that Appellant's release poses a danger to the alleged victim.

Appellant testified that he worked for a Nacogdoches company for two years and remains in good standing with his employer.  He is married, and, although he has moved twenty miles from the alleged victim, he still resides in Cherokee County.  There was no evidence that Appellant had a criminal record.

In *Clemons v. State*, 220 S.W.3d 176 (Tex. App.—Eastland 2007, no pet.) (per curiam), cited by the State, defendant was charged with two cases of aggravated assault of a child and two cases of indecency with a child.  *Clemons*, 220 S.W.3d at 177.  Initially, total bail was set at $600,000.  *Id*.  After hearing, the trial court reduced total bail for all cases to $400,000 ($75,000 in each of the indecency cases and $150,000 and $100,000 in the aggravated sexual assault cases).  On appeal, the Eastland Court of Appeals affirmed.  *Id*. at 179.  However, in *Clemons*, the defendant was charged with first degree felonies, not second degree felonies as in the instant case.  *See id*.  Moreover, in *Clemons*, the defendant had attempted to persuade his wife to flee to Mexico with him.  *See id*.  He had also told several persons that he would kill himself rather than go to prison.  *See id*.  There are no such circumstances present in the instant case.

In *Ex parte Sabur-Smith*, 73 S.W.3d 436 (Tex. App.—Houston [1st Dist.] 2002, no pet.), the defendant was charged with sexual assault, a second degree felony, and jailed in lieu of $150,000 bail set by a magistrate.  *Sabur-Smith*, 73 S.W.3d at 439.  At the habeas hearing, it was shown that the defendant had lived in the community for three years with a good work record.  *See id*. at 437-38.  There was no evidence of other arrests or convictions.  *See id*. at 440.  The reviewing court found $150,000 bail to be excessive and reduced bail to $30,000.  *Id*. at 441.

In *Nguyen v. State*, 881 S.W.2d 141 (Tex. App.—Houston [1st Dist.] 1994, no pet.), a grand jury indicted the defendant for aggravated armed robbery, burglary of a habitation, and engaging in criminal activity.  *Nguyen*, 881 S.W.2d at 142.  The trial court initially set bail at $50,000 each for the burglary and aggravated robbery, and $250,000 for engaging in criminal activity, a total amount of $350,000.  *Id*.  After a hearing on his request for bail reduction, the trial court reduced bail for the offense of engaging in criminal activity to $150,000.  *Id*.  The defendant's bail remained the same for the other two offenses.  *Id*.  The defendant was not a Texas resident.  *Id*. at 144.  There was no evidence of his employment history other than his sales job in California.  *Id*.  His parents and brother lived in Houston.  *Id*.  He had no prior

4

criminal record. *Id*. The court of appeals found the bail set by the trial court to be excessive and set the defendant's bail at $20,000 in each case. *Id*.

In *Ex parte Smith*, No. 09-06-00104-CR, 2006 WL 1511480 (Tex. App.—Beaumont May 31, 2006, no pet.) (mem. op., not designated for publication), the defendant was charged with aggravated sexual assault of a child and indecency with a child. *Smith*, 2006 WL 1511480, at *1. The evidence showed that defendant had a good work record, no prior criminal history, and significant ties to the prosecuting county. *Id*. at *2. The magistrate set bail at $250,000 in the aggravated assault case and $200,000 in the indecency case. *Id*. at *1. After a hearing on the defendant's request for a bail reduction, the trial court set bail at $125,000 in the aggravated sexual assault case and $75,000 in the indecency with a child case. *Id*. The court of appeals held these amounts to be excessive and set bail at $50,000 and $25,000. *Id*. at *7.

Courts traditionally set somewhat higher bail in cases involving offenses against children. However, the right to reasonable bail is a complement to and based on the presumption of innocence. *See Nguyen*, 881 S.W.2d at 143. The repellent nature of the accusation does not diminish the presumption of the accused's innocence. The provision in Article 17.15 providing that "[t]he power to require bail is not to be so used as to make it an instrument of oppression" embraces a warning that bail is not to be used to insure preconviction punishment.

Appellant has been in jail several months since his arrest. The evidence shows that the bail set is far beyond his means. He apparently has a good work record and no prior criminal history. He has a family resident in the prosecuting county. There is nothing in the record indicating Appellant will not appear as ordered or that his release puts the safety of the alleged victim at risk.

After considering the rules set out in Article 17.15 of the Texas Code of Criminal Procedure, the evidence presented in the trial court, and the relevant considerations in the case law, we conclude the trial court abused its discretion in setting Appellant's bail at $75,000 per count or a total bail amount of $600,000. Appellant's issue is sustained.

<u>DISPOSITION</u>

Because we sustain Appellant's sole issue, we *reverse* and *remand* this case to the trial court for further proceedings consistent with this opinion.



**BILL BASS**
Justice

Opinion delivered June 30, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 30, 2021**

**NO. 12-21-00032-CR**

**EX PARTE: IRVING WILLIAMS**

Appeal from the 369th District Court
of Cherokee County, Texas (Tr.Ct.No. 2020.10.0352)

  THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein, and the same being considered, because it is the opinion of this Court that there was error in judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this Court that the judgment be **reversed** and the cause **remanded** to the trial court **for further proceedings** in accordance with the opinion of this Court; and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*