# NOS. 12-21-00079-CR
# 12-21-00080-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

*EX PARTE:*

*BAUDELIO FLORES*

§     *APPEALS FROM THE 273RD*

§     *JUDICIAL DISTRICT COURT*

§     *SABINE COUNTY, TEXAS*

---

## *MEMORANDUM OPINION*

Baudelio Flores appeals from a trial court order denying relief on his application for writ of habeas corpus seeking a reduction in bail. We reverse and remand.

## BACKGROUND

On March 3, 2021, Appellant was arrested and charged by indictment with aggravated sexual assault of a minor, his seventeen-year-old daughter. The trial court originally set his bail at $350,000. Appellant filed a pretrial application for writ of habeas corpus seeking a bail reduction to $75,000. Following a hearing, the trial court reduced Appellant's bond to $175,000 and included additional conditions for protection of the victim and the public. Appellant posted bond and was released on March 12.

Appellant again was arrested on April 1 and charged with additional charges of sexual performance by a child and indecency with a child. The alleged victims of those charges are his seventeen-year-old daughter and eleven-year-old daughter, respectively. The trial court set Appellant's bail at $300,000 for the sexual performance charge and $350,000 for the indecency charge or a total bail amount of $650,000. When combined with the previous bond, the total bail amount is $825,000. Appellant filed a pretrial application for writ of habeas corpus seeking bail reduction in each case. Following a hearing, the trial court denied the applications and left the

bonds intact. The trial court also ruled that, if Appellant were to post bond in the future, he must wear an ankle monitor and remain in Sabine County. This proceeding followed.

**AMOUNT OF BOND**

In his sole issue, Appellant argues that the trial court abused its discretion by declining to reduce the amount of his bail bonds for the sexual performance and indecency charges, which he contends are excessive and oppressive in light of his economic circumstances and the nature of the alleged offenses.

**Standard of Review**

The decision regarding a proper bail amount lies within the sound discretion of the trial court. TEX. CODE CRIM. PROC. ANN. art. 17.15 (West 2019). Accordingly, we review the trial court's ruling on a request to reduce bail under an abuse of discretion standard. *See **Ex parte Rubac**,* 611 S.W.2d 848, 850 (Tex. Crim. App. 1981); ***Clemons v. State**,* 220 S.W.3d 176, 178 (Tex. App.—Eastland 2007, no pet.) (per curiam). In determining whether the trial court abused its discretion, we do not substitute our judgment for that of the trial court. ***Montgomery v. State**,* 810 S.W.2d 372, 379-80 (Tex. Crim. App. 1990). The purpose of our review is to determine whether the trial court's decision was made without reference to any guiding rules or principles of law, or in other words, whether the decision was arbitrary or unreasonable. *Id.* at 380. An abuse of discretion occurs when a trial court's decision is so clearly wrong as to lie outside the zone of reasonable disagreement. *Id.* at 391 (op. on reh'g).

**Applicable Law**

The primary purpose of setting a pretrial bond should be to secure Appellant's presence at trial. *See **Ex parte Rodriguez***, 595 S.W.2d 549, 550 (Tex. Crim. App. [Panel Op.] 1980); ***Ex parte Rincon***, Nos. 04-13-00715-CR–04-13-00718-CR, 2014 WL 2443870, at *1 (Tex. App.–San Antonio May 28, 2014, no pet.) (mem. op., not designated for publication). The amount of the bond necessary to achieve that purpose is committed to the trial court's sound discretion, although its discretion is bounded and guided by constitutional and statutory provisions. *See **Ex parte Estrada***, 398 S.W.3d 723, 724 (Tex. App.–San Antonio 2008, no pet.). The federal constitution, our state constitution, and our state laws prohibit "excessive" bail. U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13; TEX. CODE CRIM. PROC. ANN. art. 1.09 (West 2019).

Article 17.15 of the Texas Code of Criminal Procedure provides that "bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with[;]" however, "[t]he power to require bail is not to be so used as to make it an instrument of oppression." TEX. CODE CRIM. PROC. ANN. art. 17.15(1), (2). Although a defendant's ability to make bail must be considered, it is not a controlling consideration. *See id.* art. 17.15(4); ***Rodriguez***, 595 S.W.2d at 550. The trial court also must consider the nature of the defendant's offenses and the circumstances under which he allegedly committed them as well as the future safety of the community if the defendant is released on bail. *See* TEX. CODE CRIM. PROC. ANN. art. 17.15(3), (5). Apart from these statutory considerations, the trial court also may consider the defendant's links to the community, including his family ties, employment history, prior criminal record, the existence of other bonds against him, and his compliance with the conditions of those bonds. *See* ***Estrada***, 398 S.W.3d at 724.

## Hearing on Application

At the second bond reduction hearing, Joseph MacDonough, an investigator with the Sabine County Sheriff's Office, testified that he worked the initial case involving the aggravated sexual assault of a child. In that case, the outcry was made by Appellant's oldest daughter. She claimed the assaults began when she was fourteen years old, and she was seventeen at the time of the outcry. She has two younger sisters, ages fourteen and eleven, and a younger brother. MacDonough testified that after the previous bond reduction hearing, he learned of further allegations against Appellant. MacDonough stated:

> During her interview she made an outcry that – at the request of the defendant, she made a video of her masturbating -- she didn't use that word, of course --
>
> Q. Was it --
>
> A. -- we were able to locate the actual recording device, the original iPod that recorded it. They turned it over to me. In the text messages area there was a video, somewhere around two, two and a half minutes of – would show that victim naked, exposed, exposing her genitals and her breasts, fingering herself in her private area. That message was sent to dad, listed in the phone as dad, and that was in May of 2013, if I remember the date back – on the date correctly. But as I figured it up, she would have been 13 years, 9 months when she made that video and sent it to dad.
>
> Q. So she would have been younger than 14 at that time?
>
> A. That is correct.

3

MacDonough then obtained a search warrant for the rest of the device and files and an arrest warrant. MacDonough also testified that Appellant's eleven-year-old daughter outcried "a week or two after the initial interview of" the seventeen-year-old. In that outcry, Appellant was "grabbing her breasts in the kitchen . . . with his fingertips." That outcry led to an additional charge against Appellant.

MacDonough testified that he determined Appellant is a legal, permanent resident of the United States. This means Appellant is permitted to work and reside in the United States but he is not a United States citizen. MacDonough testified that Appellant could go to Mexico without showing a passport. MacDonough further opined that, due to the nature of the charges against him and his legal status, Appellant is a "flight risk" if released on bond. He further opined that Appellant is a danger to the victims and/or community if released. MacDonough testified that the seventeen-year-old told him that she is afraid of Appellant and that "she honestly thought that he was going to kill her."

At the hearing, the trial court took judicial notice of the testimony and evidence admitted in the bond reduction hearing on the aggravated sexual assault charge. Therefore, we include it in our analysis as well.

At that first bond reduction hearing, David Chance testified that he is the owner of Chance Construction. He further testified that Appellant has been an employee for more than twenty-five years and is currently the lead foreman/superintendent. Chance described Appellant as dependable and reliable. According to Chance, Appellant runs a crew and is essential to the construction company's operations. He further stated that the charges against Appellant are "out of character." Chance stated that he does not believe Appellant to be a flight risk and that he would do his part to ensure Appellant shows up for court when required.

Tom Cryer, the vice president for Chance Construction, also testified at the first hearing. Cryer testified that he works with Appellant daily and has known him for more than twenty-five years. He characterized Appellant as "one of the most dependable people." He further opined that Appellant would not pose a danger to the victim or the public and would not be a flight risk.

Maria Flores, Appellant's sister-in-law, testified that the family tried to raise the money to hire a bail bondsman for the original $350,000 bond. Maria stated that the bondsman quoted her a $35,000, or ten percent, fee. She testified that they would be able to secure Appellant's release if the bond were reduced to $75,000. Maria said that Appellant would stay with her and

4

her family upon release, which meant he would not present a danger to the victim. There was no evidence of Appellant having a criminal history.

MacDonough also testified at the first bond reduction hearing. He testified that the victim indicated in her interview that "activities" with her and Appellant "had been occurring since she was fourteen," and even discussed penetration. In her interview, she told the investigator that it happened "more than twenty times." MacDonough further testified as follows:

> Q. Okay. And what happened the last time? What brought it to the point to where now she made the outcry?
>
> A. February 28th of this year she was out hunting with her father, the defendant, in the woods, right off of 83 East close to 3121. She indicated that that is where half the assaults would occur, the other half being at the home when mom and the other kids were gone. But she was the only one that would go hunting with him. They went out there to hog hunt. She indicated that he attempted to grab her breasts, and she fled off into the woods. She called her sister. Took off her pink -- she had her pink jacket, she threw that in the woods because she wanted to be able to hide. The sister and the mother pulled up to this fire service Road 151, I believe, it is. But anyway, she comes out of the woods. They get his shotgun and his cell phone out of his truck, get in the car with the mother, and her mother drives straight to the sheriff's office.
>
> Q. Okay. So based on your investigation, you obtained a warrant, or warrants, for –
>
> A. A warrant for aggravated sexual assault of a child. It's aggravated because during the course of the assaults he would tell the victim that if she told anyone he would either kill her or start doing the same thing to her younger sister.

## Analysis

The record in this case does contain some evidence supporting a higher bail amount. For instance, the nature of the offense and the circumstances under which it was allegedly committed are factors to be considered, and this necessarily involves the punishment permitted by law. *Ex parte Clark*, 537 S.W.2d 40, 42 (Tex. Crim. App. 1976). Appellant is charged with indecency with a child and sexual performance by a child. The indecency charge is a second degree felony punishable by imprisonment of no more than twenty years but no less than two years. TEX. PENAL CODE ANN. §§ 21.11(d) (West 2019), 12.33 (West 2019). The sexual performance charge, because the alleged victim was younger than fourteen years old at the time of the offense,

is a first degree felony punishable by imprisonment for no less than five years but no more than ninety-nine years or life in prison. *Id.* §§ 43.25(c) (West Supp. 2020), 12.32 (West 2019).[1]

The record also demonstrates that while Appellant is employed, he is relying on family for help paying any bail bond. But his family lacks the ability to post the current bonds. While the ability or inability of an accused to make bail is not dispositive, it is a factor to be considered. *Rodriguez*, 595 S.W.2d at 550. The evidence at the hearing demonstrates Appellant was able to post the $17,500 toward the previous $175,000 bond and that he previously could not raise the $35,000 toward the original $350,000 bond. Yet, the trial court set the current bonds at a combined $650,000, which is more than three times higher than the previous bond, which Appellant has posted. In addition, the first hearing included evidence that Appellant could post a total of $7,500 toward a $75,000 bond. In sum, the total of all three bonds is $825,000, which is eleven times higher than what Appellant could reasonably provide, which constitutes a de facto setting of no bond. *See DePena v. State*, 56 S.W.3d 926, 929 (Tex. App.—Corpus Christi 2001, no pet.). Bail approaching seven figures is almost never required even in capital cases. *Ludwig v. State*, 812 S.W.2d 323, 323 (Tex. Crim. App. 1991).

Moreover, a comparison of the bail amount in this case to the amounts in other cases leads us to conclude that the bail is too high. In *Clemons v. State*, the defendant was charged with two cases of aggravated assault of a child and two cases of indecency with a child. *Clemons*, 220 S.W.3d at 177. Initially, total bail was set at $600,000. *Id*. After hearing, the trial court reduced total bail for all cases to $400,000 ($75,000 in each of the indecency cases and $150,000 and $100,000 in the aggravated sexual assault cases). On appeal, the Eastland Court of Appeals affirmed. *Id*. at 179. However, in *Clemons*, the defendant had attempted to persuade his wife to flee to Mexico with him. *See id*. He had also told several persons that he would kill himself rather than go to prison. *See id*. There are no such circumstances present in the instant case.

In *Ex parte Smith*, No. 09-06-00104-CR, 2006 WL 1511480 (Tex. App.—Beaumont May 31, 2006, no pet.) (mem. op., not designated for publication), the defendant was charged with aggravated sexual assault of a child and indecency with a child. *Smith*, 2006 WL 1511480, at *1. The evidence showed that defendant had a good work record, no prior criminal history,

---

[1] We also note that, with regard to the aggravated sexual assault charge, Appellant faces a potential punishment of twenty-five years to ninety-nine years or life in prison. TEX. PENAL CODE ANN. § 22.021(f)(2) (West 2019).

and significant ties to the prosecuting county. *Id*. at *2. The magistrate set bail at $250,000 in the aggravated assault case and $200,000 in the indecency case. *Id*. at *1. After a hearing on the defendant's request for a bail reduction, the trial court set bail at $125,000 in the aggravated sexual assault case and $75,000 in the indecency with a child case. *Id*. The court of appeals held these amounts to be excessive and set bail at $50,000 and $25,000. *Id*. at *7.

In *Ex parte Bennett*, No. 02-07-00175-CR, 2007 WL 3037908, at *4 (Tex. App.—Fort Worth Oct. 18, 2007, no pet.) (mem. op., not designated for publication), the defendant was charged with multiple counts of aggravated sexual assault of a child. *Bennett*, 2007 WL 3037908, at *4. In upholding total bail of $600,000, the court noted the serious nature of the offenses and defendant's failure to maintain contact with his attorney when the bonds were originally set at a lower amount. *Id*. In this case, there is no evidence Appellant failed to maintain contact with his attorney. Also, unlike Bennett who was not currently employed and only had minimal ties to the prosecuting county, Appellant has a long employment history and substantial community ties to the prosecuting county.

In *Ex parte Bratcher*, Nos. 05-05-00634-CR, 05-05-00635-CR, 2005 WL 1634971, at *5 (Tex. App.—Dallas July 13, 2005, no pet.) (mem. op., not designated for publication), the defendant was charged with two aggravated sexual assault of a child offenses with total bonds of $1,000,000. *Bratcher*, 2005 WL 1634971, at *5. In upholding the trial court's denial of bond reduction, the court noted the defendant had previously been tried and convicted of sexual assault of the same victim and had three prior convictions for sexual assaults against children. *Id*. The victims in those cases were students at a daycare that the defendant co-owned with his mother who still operated the facility and with whom defendant was going to stay while on bond. *Id*. Further, the work the defendant would be doing while on bond involved traveling, which would make him a higher flight risk. *Id.* These facts led the court to find the trial court struck the balance between the presumption of innocence and the State's interest in assuring the defendant's presence at trial. *Id*. In the present case, Appellant does not have a criminal history, there is no evidence that bond conditions could not protect the alleged victims in this case, and his work would not make him a higher flight risk.

Courts traditionally set somewhat higher bail in cases involving offenses against children. However, the right to reasonable bail is a complement to and based on the presumption of innocence. *See Nguyen v. State*, 881 S.W.2d 141, 143 (Tex. App.—Houston [1st Dist.] 1994, no

pet.. The repellent nature of the accusation does not diminish the presumption of the accused's innocence. The provision in Article 17.15 providing that "[t]he power to require bail is not to be so used as to make it an instrument of oppression" embraces a warning that bail is not to be used to insure preconviction punishment. *Ex parte Williams*, No. 12-21-00032-CR, 2021 WL 2816404, at *3–4 (Tex. App.—Tyler June 30, 2021, no pet.) (mem. op., not designated for publication).

The State argues that because of the severity of the charges and the nature of the offenses, there is both a risk to the community and victims and a risk of flight. We agree these are factors which support a higher bail but disagree they support a bail in the amount set. The new charges have punishment ranges less than the charge for which the court set a $175,000.00 bond. Further, there is no specific evidence that Appellant intends to flee. *See Ex parte Bellanger*, No. 12-09-00246-CR, 2009 WL 4981457, at *3 (Tex. App.—Tyler Dec. 23, 2009, no pet.) (mem. op., not designated for publication) (reversing bail of $1,725,000 in indecency with a child case, noting lack of such evidence). While being a legal, permanent residence of the United States may allow Appellant to go to Mexico without showing a passport, there is no evidence that he intends to travel to Mexico to escape prosecution.

Appellant has no past criminal history and has lived in Sabine County for many years. He has worked for the same employer for more than twenty-five years where he holds a position of responsibility and supervision. His employer described his role with the company as "essential," he did not believe Appellant was a flight risk, and he testified he would ensure Appellant appears for court. This constitutes significant ties to the prosecuting county. *Smith*, 2006 WL 1511480, at *2. We are mindful that the filing of these additional very serious charges may give Appellant a greater incentive to flee, but absent evidence that he is planning on doing so, we cannot assume he will do so or that bond conditions could not be imposed to reduce any flight risk. Appellant's sister-in-law testified he would be staying with her and her family upon release; therefore, he would remain in the area, return to work, and be able to avoid contact with the alleged victims of the cases filed against him. While there is evidence that Appellant threatened the alleged victims during the occurring time period, there is no evidence he has attempted any contact with the victims while incarcerated or while on bond or that the court could not impose bond conditions to protect the victims until trial.

Again, we agree there are factors in this case which support a higher bail amount, but we disagree that they support bail as currently set. *See, e.g.*, **Williams**, 2021 WL 2816404, at *3–4 (reversing total bail of $600,000 for eight counts of indecency with a child and sexual assault of a child when appellant not a flight risk); *Ex parte Turner*, No. 12-20-00230-CR, 2021 WL 1916832, at *1 (Tex. App.—Tyler May 12, 2021, no pet.) (mem. op., not designated for publication) (reversing total bail of $500,000 for third degree felony of unlawful restraint involving young children); *Ex parte Rean*, No. 03-09-00032-CR, 2009 WL 2902707, at *8 (Tex. App.—Austin Aug. 26, 2009, no pet.) (mem. op., not designated for publication) (affirming bail of $250,000 in sexual assault case).

Accordingly, after reviewing the record in this case and considering the factors in Article 17.15, we conclude the trial court abused its discretion in denying Appellant's request for pre-trial reduction and hold that the amount of Appellant's bail is unsupported by the evidence and therefore excessive. We sustain Appellant's sole issue.

## DISPOSITION

Having sustained Appellant's sole issue, we ***reverse*** and ***remand*** this case to the trial court for further proceedings consistent with this opinion.

**GREG NEELEY**
Justice

Opinion delivered September 1, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 1, 2021**

**NO. 12-21-00079-CR**

**EX PARTE: BAUDELIO FLORES**

Appeal from the 273rd District Court
of Sabine County, Texas (Tr.Ct.No. CR2107961)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, because it is the opinion of this Court that there was error in judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this Court that the judgment be **reversed** and the cause **remanded** to the trial court **for further proceedings** in accordance with the opinion of this Court; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

## SEPTEMBER 1, 2021

## NO. 12-21-00080-CR

## EX PARTE: BAUDELIO FLORES

Appeal from the 273rd District Court
of Sabine County, Texas (Tr.Ct.No. CR2107959)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, because it is the opinion of this Court that there was error in judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this Court that the judgment be **reversed** and the cause **remanded** to the trial court **for further proceedings** in accordance with the opinion of this Court; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*